**Charles James TURNER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45256.**

Court of Criminal Appeals of Texas.

Oct. 18, 1972.

Rehearing Denied Dec. 6, 1972.

---

Jack M. Yates, Abilene (on appeal only), for appellant.

Ed Paynter, Dist. Atty., and Lynn Ingalsbe, Asst. Dist. Atty., Abilene, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

This is an appeal from a conviction for felony theft. Punishment was assessed by the jury at five years.

In appellant's first six contentions, he urges that the evidence is insufficient to show the value of the item allegedly taken.

Mrs. Louise Blake testified that she had paid $69.88 for the tape player at Winters two or three weeks before it was stolen and identified an advertisement of the machine, which listed the price of $69.88.

There was testimony that the tape machine had little use since Mrs. Blake and her daughter had very few tapes.

■ Appellant urges that there is no testimony of market value, and absent such proof, a case of felony theft has not been proven, just as if the State neglected to prove a wrongful taking. Mrs. Blake and her daughter testified that the machine was worth over $50, the daughter's estimate being $60. Mrs. Blake testified that she would not take less than $55 or $60 for the machine while her daughter testified that she would not take less than $60. Both testified regarding the price paid for the machine ($69.88) two or three weeks before it was stolen. All of the foregoing testimony was admitted without objection. No testimony was offered by appellant that the tape machine was of lesser value than $50. If the manner of proving value did not meet with the approval of the appellant, it was incumbent upon him to voice his objection at the time of the introduction of the testimony. Tinsley v. State, Tex.Cr.App., 461 S.W.2d 605; Larkin v. State, 157 Tex.Cr.R. 284, 248 S.W.2d 134; Ward v. State, Tex.Cr.App., 446 S.W.2d 304. In Thomas v. State, 85 Tex.Cr.R. 246, 211 S.W. 453, it was said, "We think where the alleged owner was permitted, without objection, to state what he paid for the article a short time before the theft and to state that it did have a value sufficiently meets the requirements of the statute." In Israel v. State, 158 Tex.Cr.R. 574, 258 S.W.2d 82, where the owner of the automobile testified without objection "to the best of his knowledge the car was valued at $575.00." this Court held that it was incumbent upon defendant to offer his objection to the testimony relating to such value and insist upon the qualification of the witness as to market value being established.

■ While the proof as to value leaves something to be desired, we conclude that the evidence was sufficient to sustain the allegation that the tape machine was of the value of over $50.

■ In appellant's next two contentions, he urges that he was deprived of due process under the Sixth and Fourteenth Amendments to the United States Constitution, when he was subjected to confrontation by the persons from whom the tape player was taken for a pre-trial identification without benefit of counsel or the intelligent waiver of counsel.

Appellant urges that under the holdings in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967), he should have been advised of his right to counsel, that a line-up should have been conducted with counsel present or intelligently waived.

Mrs. Blake testified that while she and her sixteen year old daughter, Debra, were in Gibson's Store, on North First Street, in Abilene, on September 8, 1970, she was able to see someone working with the tape deck in her car. Mrs. Blake sent her daughter to the car and as her daughter approached the car, the man jumped out of the car with the tape deck and started running. Mrs. Blake further testified that she got a "good look" at the man's face, and that he was wearing a brown shirt, light brown pants, had on a wig and small granny glasses. Police were called to the scene and a description of the thief was given the officers by Mrs. Blake. About forty-five minutes later, the police returned to the scene with three suspects. At this juncture in the testimony of Mrs. Blake, a hearing was had outside the presence of the jury, at which Mrs. Blake testified two

persons were in one police car while the third suspect, identified as appellant, was in another police car. Appellant was wearing the same clothes, wig and glasses he had on earlier. Mrs. Blake said she looked at all three suspects before identifying appellant as the thief. She stated that the police did nothing to suggest whom she should identify. After appellant was identified by Mrs. Blake and her daughter, the other two suspects were released.

In Cole v. State, Tex.Cr.App., 474 S.W. 2d 696, it was stated, ". . . this court has in the past refused to extend the holdings in Wade and Gilbert so as to require counsel at an on or near the scene confrontation between a suspect and a witness occurring shortly after the commission of a crime or in other circumstances which necessitate a prompt identification, there being some reasonable elasticity as to time and place. Watkins v. State, Tex.Cr.App., 452 S.W.2d 444; Elliott v. State, Tex.Cr. App., 444 S.W.2d 914; Perryman v. State, Tex.Cr.App., 470 S.W.2d 703 (concurring opinion); Garcia v. State, Tex.Cr.App., 472 S.W.2d 784. See also United States v. Perry, 145 U.S.App.D.C. 364, 449 F.2d 1026 (1971)."

In the instant case, the two suspects other than appellant were released immediately upon Mrs. Blake and her daughter identifying appellant as the person who had stolen the tape player. Identification took place within an hour after the commission of the crime. To have waited for a formal line-up with counsel present would have required further detention of innocent persons. Unlike most on-the-scene identifica-

tions, we do not have the sort of situation condemned by Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199, where a suspect is viewed singly by a witness. Mrs. Blake and her daughter had an opportunity to view the thief at the time of the crime. They were able to relate a rather detailed description of him to the police and confrontation was almost immediately thereafter.

■ We find nothing in the circumstances of this case conducive to misidentification as to amount to a denial of due process. The court was not in error in overruling appellant's objection that he was deprived of due process at the pretrial identification. Further, the United States Supreme Court, in the recent case of Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (June 7, 1972), held that the right to counsel does not attach until the accused has been formally charged with a criminal offense.

Appellant next urges the court was in error in admitting evidence that appellant had been identified by the owners of the tape machine.

■ The testimony of Mrs. Blake and her daughter regarding identification of appellant after he had been arrested and returned to the scene was not improper. Ward v. State, Tex.Cr.App., 427 S.W.2d 876; see Lyons v. State, Tex.Cr.App., 388 S.W.2d 950; Lucas v. State, 160 Tex.Cr.R. 443, 271 S.W.2d 821.

Appellant having impeached or attempted to impeach Mrs. Blake and her daughter regarding their identification of appellant,[1]

---

1. Appellant's brief points out that while Mrs. Blake testified on direct examination that she got a "good look" at the face of the man who stole the tape machine, on cross-examination, it was developed that she could not tell who the man was in the car, that he hit the ground running and was not looking in her direction as he left the scene. On further cross-examination of Mrs. Blake, she stated that her identification of appellant was based on her view of his "side figure" at the

scene. On cross-examination, Debra Blake testified she was scared and shaking when she saw the man run from the car with the tape player, that she did not know how tall the thief was, or how much he weighed. While Debra Blake's identification of appellant on direct was based upon getting a real good look at him, in response to a question from appellant's counsel on cross-examination, she testified that his identifying features were the wig and the glasses he was wearing.

the testimony of Abilene Police Officers Dieken and Marvin regarding identification of appellant rendered any error committed by the admission of such testimony harmless. Frison v. State, Tex.Cr.App., 473 S.W.2d 479.

Appellant next complains of the court allowing in-court identification of appellant without first determining that such identification was not based on constitutionally infirm pre-trial identification which was unnecessarily suggestive and conducive to mistaken identification. As heretofore noted, a hearing was held outside the presence of the jury in which the court overruled appellant's objection that he was deprived of due process at the pre-trial identification. The in-court identification was made by the Blakes without objection. As heretofore discussed, we find no evidence of suggestiveness at the time appellant was identified at the scene. Further, we find nothing to indicate that the in-court identification was not of independent origin.

 Appellant complains that there was insufficient evidence to show that he was the person who committed the theft. Clearly, this contention is without merit. As already noted in this opinion, there was sufficient opportunity for Mrs. Blake and Debra to view appellant at the scene. The almost immediate confrontation thereafter left little chance for mistaken identification. The in-court identification by the Blakes was positive.

In appellant's fourteenth and last contention, he urges that the court erred in allowing the introduction into evidence of a previous conviction, at the punishment stage of the trial, which failed to show that he had counsel at the time sentence was pronounced. The judgment in the prior conviction reflects appellant pled guilty to the offense of forgery and pass-

On re-direct, Mrs. Blake testified that there was no doubt in her mind that appellant was the person who had stolen the tape player and that her identification after the arrest and in court had

ing and recites that appellant "appeared in person, in open court, his counsel also being present . . . ." The judgment further recites that the defendant, his counsel and the State's Attorney agreed in writing in open court to waive a trial by jury. Appellant was sentenced the same day judgment was pronounced. No testimony was offered that appellant was denied counsel.

 Recitation in judgment that appellant was represented by counsel is binding on him in absence of direct proof that he did not have counsel at sentencing where judgment and sentence were entered on the same day after plea of guilty. Gutierrez v. State, Tex.Cr.App., 456 S.W.2d 84; Smith v. State, Tex.Cr.App., 455 S.W.2d 748.

Finding no reversible error, the judgment is affirmed.

Opinion approved by the Court.

been made without suggestion from anyone. On re-direct, Debra Blake testified that she could identify appellant from having seen his face twice at the scene.