John Will NITCHOLAS, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 50131, 50132.

Court of Criminal Appeals of Texas.

June 25, 1975.

**690**

Kerry P. FitzGerald, Dallas, on appeal only, for appellant.

Henry Wade, Dist. Atty., Maridell Templeton and Don Driscoll, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeals are taken from convictions for burglary and felony theft. The two causes were tried together upon the request of appellant. Trial was before the court upon pleas of not guilty, and punishment was assessed in each case at two years. The record reflects that the offenses occurred on March 9, 1974, and trial was on April 25, 1974.

■ Appellant contends the conviction should be set aside "as there is a fatal variance between the owner's name as spelled in the indictments and the owner's name as proved by the evidence." The burglary indictment alleged that "Danny Davis" was the owner of the building entered, and the same named person was alleged to be the owner of the property taken in the theft indictment. The transcription of the court reporter's notes reflects the name of the owner in both causes to be "Denny Davis." We conclude that the appellant could not have been misled by the complained-of variance. No objection was voiced during the trial that the injured party was a person other than the owner named in the indictments. We find the names to be idem sonans. Ross v. State, Tex.Cr.App., 496 S.W.2d 78; Smith v. State, Tex.Cr.App., 468 S.W.2d 824.

■ Appellant contends the theft conviction should be reversed for failure of the State to prove "by competent evidence that the value of the air-conditioning unit was $586.95, as alleged in the indictment."

The record reflects that after Davis testified that he was "aware of the market value of the unit," the following occurred:

"Q. Are you familiar with the value of this unit?

"A. Yes, I am.

"Q. What is that value?

"A. We purchased that unit, this particular unit, for five hundred eighty-six dollars and some odd cents.

"Q. Had that unit ever been used?

"A. No, it hadn't."

At this juncture, appellant voiced objections that the answers of the witness were not responsive and were hearsay. Appellant's objections were overruled.

Appellant's complaint on appeal is that there was a lack of competent evidence to prove value.

V.T.C.A. Penal Code, Sec. 31.03(d)(4)(A) provides a theft is a felony of the third degree if "the value of the property stolen is $200 or more but less than $10,000 . . . ."

V.T.C.A. Penal Code, Sec. 31.08(a)(1) provides value is the "fair market value of the property or service at the time and place of the offense."

In Turner v. State, 486 S.W.2d 797, it was urged that there was an absence of proof that the article stolen had a market value of over fifty dollars so as to make it a felony under the old Code. In *Turner*, there was testimony from the owners that they would not take less than $55 or $60 for the machine, and that they had paid $69.88 for the machine two or three weeks before it was stolen. In *Turner*, no objection was voiced that there had been a failure to prove the required market value in the trial court, and this Court concluded that while the proof left something to be desired, the evidence was sufficient to sustain the allegation that the property taken was of the value of over fifty dollars. See Thomas v. State, 85 Tex.Cr.R. 246, 211 S.W. 453.

Appellant further argues that if the testimony of the witness as to the value is acceptable, the State has failed to prove the value alleged in the indictment.

The indictment alleged that the property taken was of the value of $586.95. Appellant points to the testimony of the witness that the unit was purchased for "five hundred and .eighty-six dollars and some odd cents."

In Bergman v. State, Tex.Cr.App., 370 S.W.2d 895, in an appeal from a conviction for theft under the old Code, it was stated:

"The fact that the money was alleged to have been worth $52.96, and [was] proven to have been worth $50, was immaterial. Proof of value of $50 or over is sufficient."

In Houston v. State, 98 Tex.Cr.R. 280, 265 S.W. 585, it was contended that there was a variance between the allegation and proof of value. It was alleged that the cotton stolen was worth $131.41, and proven that when it was taken its value was $118. The Court found there was no variance, holding that, "An allegation as to value is not held descriptive further than as it affects the question as to whether the offense be a felony or a misdemeanor."

In the instant case, we find that there was sufficient proof that the air conditioner unit was of the value of more than $200 and less than $10,000.[1]

The judgments are affirmed.

Opinion approved by the Court.

---

1. V.T.C.A. Penal Code, Sec. 31.03(d)(5) provides that an offense is "a felony of the second degree if the property stolen is $10,000 or more." While we find the pleadings in this cause are sufficient to support a conviction for a third degree felony, it should be noted that if the proof had shown the value of the article taken to be $10,000 or more, the indictment would limit the conviction to a third degree felony.