Vernon Dean **SMITH**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 55483.

Court of Criminal Appeals of Texas, Panel No. 3.

Nov. 22, 1978.

---

John S. Ament, III, Jacksonville, for appellant.

K. E. "Pete" Menefee, Rusk, for the State.

Before DOUGLAS, TOM G. DAVIS and VOLLERS, JJ.

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for theft over $200. V.A.P.C. Penal Code, Sec. 31.03. Punishment, enhanced by two prior felony convictions, was assessed at life imprisonment.

■ Appellant contends that although the indictment alleged that the property had a value of over $200, it was fundamentally defective for failing to allege a value of less than $10,000. Appellant argues that every fact that affects the degree or kind of punishment must be alleged in the indictment. He maintains that an indictment that fails to allege a value of less than $10,000 is defective in that it fails to differentiate between the third degree felony for theft over $200 and less than $10,000 and the second degree felony for theft over $10,000. See Sec. 31.03, supra. Appellant did not move to quash the indictment or otherwise object until after the trial.

Appellant relies on cases that hold that the value of property must be alleged if it affects the punishment. E. g., *Standley v. State*, Tex.Cr.App., 517 S.W.2d 538; *Ex parte Roberts*, Tex.Cr.App., 522 S.W.2d 461. These cases involve the failure of the indictment to show on its face whether the offense is a felony or misdemeanor. The indictment in the present case, however, is sufficient to show a felony.

This Court, in *Nitcholas v. State*, Tex.Cr. App., 524 S.W.2d 689, held that the evidence introduced in a theft case was sufficient to prove the value of the property stolen. Although the language in the indictment is not set out, a footnote indicates that it set out the alleged value of the stolen property only. The Court stated:

"1 V.T.C.A. Penal Code, Sec. 31.03(d)(5) provides that an offense is a 'felony of the second degree if the property stolen is $10,000 or more.' While we find the pleadings in this cause are sufficient to support a conviction for a third degree felony, it should be noted that if the proof had shown the value of the article taken to be $10,000 or more, the indictment would limit the conviction to a third degree felony. (524 S.W.2d at 691, fn. 1)

Here, as in *Nitcholas*, the indictment is sufficient to charge a felony theft although it fails to specify the upper limit of the value of the property. Although this failure would prohibit conviction for theft over $10,000 even if the State proved up this greater value, it does not render the indictment fundamentally defective in regard to alleging a theft less than $10,000 but over $200. Thus, we hold that the present indictment is not fundamentally defective.

■ Appellant also contends that one of the convictions used to enhance his punishment was void. This ground is based on a discrepancy between the judgment which set punishment at two years and the 4 year term set out in the order revoking probation. This is shown in copies of the records of that prior conviction attached to the appellant's brief, but is not supported by the record certified by the clerk and before us now. Also enclosed with the appellant's brief is the docket sheet of that prior cause, which indicates that the inconsistency is a clerical error.[1] No objection was made at trial on this ground.

This Court cannot consider material not introduced into evidence which was not before the trial court. *Williams v. State*, Tex. Cr.App., 441 S.W.2d 853.

The judgment is affirmed.

[1] The docket sheet reflects that the appellant was assessed four years and probation granted. The conditions of probation signed by the appellant also indicate the sentence to be four years, as does the motion for revocation and the order of revocation. We note that this probation was revoked less than three months later.