**Richard McCRORY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–81–0002–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 23, 1981.

Charles O. Melder, Michael P. Foster, Houston, for appellant.

Larry Urquhart, Houston, for appellee.

Before EVANS, C. J., and WARREN and DUGGAN, JJ.

DUGGAN, Justice.

Appellant waived his right of jury trial, and upon trial before the court, was found guilty of theft of an automobile valued at more than $200 but less than $10,000. Punishment was assessed by the court at four years confinement in the Texas Department of Corrections. On appeal he asserts, as his sole ground of error, that the evidence is insufficient to prove the value of the automobile.

Complainant Anthony Schaefer's 1964 Chevy II Nova automobile was taken from its parking place outside his apartment on October 30, 1979, and was reported stolen to the Houston Police Department. A Sanger, Texas police officer observed the appellant driving the stolen automobile later that same day, and he was arrested and charged with its theft.

In arguing that the evidence is insufficient to prove the value of the stolen automobile, his sole ground of error, the appellant urges that the complainant's knowledge of the value of the vehicle was insufficient because it was learned through hearsay from a non-witness, Mosley. As authority he cites the general rule in Texas that hearsay evidence is no evidence and will not support a judgment. In *Ex Parte Hebert*, 579 S.W.2d 486 (Tex.Cr.App.1979), the Court of Criminal Appeals found it to be an abuse of discretion in a habeas corpus hearing to deny bail based on hearsay psychiatric tests and reports, because "... hearsay evidence even admitted without objection constitutes no evidence."

However, a recognized exception to this general rule exists in the matter of proof of value of stolen articles, and a line of cases establishes that hearsay evidence is admissible as proof of market value. *Lucas v. State*, 452 S.W.2d 468 (Tex.Cr.App.1970). In *Lucas*, a used car dealer testified as to his personal opinion of the fair market value of a stolen automobile, despite the fact that he had never personally inspected it. The court held that the witness was qualified to give his opinion as to the value based upon information gained from sources other than personal observation. The automobile's owner also testified as to what he believed his car was worth. The owner had no experience in the automobile

business, and based his opinion upon newspaper ads, which are clearly hearsay. The court held the owner's opinion to be admissible evidence, citing *Esparza v. State,* 367 S.W.2d 861 (Tex.Cr.App.1963), *De La O v. State,* 373 S.W.2d 501 (Tex.Cr.App.1964) and *Morris v. State,* 368 S.W.2d 615 (Tex. Cr.App.1963), all for the general rule that hearsay evidence is proof of market value in theft cases.

■ Although the appellant in the present case objected to the State's first effort to prove fair market value through the complainant's testimony, he did not object to the complainant's testimony the following day as to the fair market value learned by complainant's inquiries to an automobile dealer. Appellant thereby waived any complaint about the manner of proof of value by not objecting and insisting on better qualification of the witness as to market value. *Bullard v. State,* 533 S.W.2d 812 (Tex.Cr.App.1976); *Turner v. State,* 486 S.W.2d 797 (Tex.Cr.App.1972); *Tinsley v. State,* 461 S.W.2d 605, 607 (Tex. Cr.App.1970); *Brown v. State,* 460 S.W.2d 925 (Tex.Cr.App.1970). In *Turner,* supra, the court stated as follows:

> Appellant urges that there is no testimony of market value, and absent such proof, a case of felony theft has not been proven, just as if the State neglected to prove a wrongful taking. Mrs. Blake and her daughter testified that the machine (a tape player) was worth over $50, the daughter's estimate being $60. Mrs. Blake testified that she would not take less than $55 or $60 for the machine while her daughter testified that she would not take less than $60. Both testified regarding the price paid for the machine ($69.88) two or three weeks before it was stolen. All of the foregoing testimony was admitted without objection. No testimony was offered by appellant that the tape machine was of lesser value than $50. If the manner of proving value did not meet with the approval of the appellant it was incumbent upon him to voice his objection at the time of the introduc-

tion of the testimony. (Citations omitted).

486 S.W.2d 797, 799.

■ On the first day of trial, the complainant had testified that he had paid $600 for the automobile, and had thereafter had the engine and transmission rebuilt and the front suspension completely overhauled, but that he did not know the fair market value of the car at the time of the theft. On resumption of the case the next day, the testimony of the complainant continued as follows:

Q. (By the Prosecutor) I asked you yesterday if you were familiar with the fair market value of that vehicle, and you told me no. Have you since gained some information that would change your answer?

A. Yes, I have.

Q. Are you now familiar with the fair market value?

A. Yes, I am.

Q. And what is that?

A. $225.

No objection was offered by appellant to this testimony. Cross examination of the complainant then proceeded as follows:

Q. (By defense attorney) . . . Mr. Schaefer, how did you obtain this information and where did you get it from?

A. I went to a car dealer on 4704 North Shepherd and I talked to Mr. E. T. Mosely, who set the appraisal at $225.

Q. Did you go to only one car dealership?

A. Yes, I did.

Q. Would it be fair to say that automobile is sixteen years old?

A. Yes sir.

Q. Would it be fair to say that automobile was in very good condition?

A. It's in fair condition.

Q. You're saying a sixteen-year-old automobile in fair condition is worth $225?

A. Yes sir.

Q. Now, if you had to purchase that automobile from [the car dealer] on

Shepherd, do you think he'd give you $225 for it?

A. I think he would.

Q. Did you ask him if he would give you $225 for it?

A. Yes.

Q. And he said he would?

A. Yes.

Q. And you only went to one car dealership?

A. Yes.

Q. There's one sales pitch; and when you buy one, there's another sales pitch?

A. Yes.

Q. And did you talk to him in terms of acquiring an additional automobile or trade-in or whatever?

A. No sir, I did not.

Q. This was an outright sale?

A. No sir.

Q. Well, would you explain to the Court what terms and conditions you talked to [the car dealer] about over on Shepherd?

A. I asked him what he, in his honest opinion, thought the car was worth.

Q. Did you ascertain how long [the car dealer] had been in the auto appraisal business?

A. No sir, I did not.

Q. He could have been a neophyte, his first day around; is that true?

A. Yeah, that could be true.

Q. What you're telling the Court is the opinion of one man not here today what the value of that automobile would be; is that true?

A. That's true.

Q. And you, of your own opinion and your own personal agreement, agree that that car is sixteen years old, in fair condition, and you're saying it's worth $225?

A. Yes sir.

Q. Also, would you agree that a sixteen-year-old automobile could be worth less than $225?

A. It could be if it was in worse shape.

Q. Okay, sir. If in the year of 1970 a '64 Chevrolet was worth $400 and it's been ten years since 1970, would you say that car would have depreciated more than $200?

A. I could not really honestly say, sir, because I'm not—

(At this point, the prosecutor, on re-direct examination, and the defense attorney, on re-cross examination, questioned Schaefer about the value of the hand controls that had been installed in the car).

Q. (By the Defense Attorney) The controls were put on this automobile in 1973?

A. Yes.

Q. And from 1973 to 1980, you're saying that's roughly seven years?

A. Yes.

Q. And it's a possibility there may be some changes, say, in structural arrangements—steel alloy or whatever—to make these hand controls?

A. It's possible, sir.

Q. And it's a possibility that the value of the hand controls could now be much less?

A. No. I think the value of the hand controls would go up in price. Not the ones that I have now, no.

The last evidence at trial as to the value of the automobile was the testimony of the police officer who arrested the appellant. The prosecutor asked the police officer what McCrory had said about where he got the stolen car. No objection was offered, and the police officer testified: "On the way to the Denton County Jail, he (Mr. McCrory) told me that he'd purchased the car approximately two days prior to that for $200."

Under the authorities cited, we hold the evidence offered to be sufficient to prove fair market value. Appellant's ground of error is overruled.

The judgment is affirmed.