Troy Mack BROWN, Appellant,

v.

The STATE of Texas, Appellee.

No. 09 83 100 CR.

Court of Appeals of Texas, Beaumont.

Dec. 30, 1983.

Fancy Jezek, Belton, for appellant.

Arthur C. Eads, Dist. Atty., Belton, for appellee.

OPINION

DIES, Chief Justice.

On December 1, 1980, appellant was sentenced to ten years in the Texas Department of Corrections, after a conviction of theft over $200. He perfected appeal to the Court of Criminal Appeals, which court, by order dated September 1, 1982, pursuant to the provisions of Senate Bill 265, 67th Legislature, Regular Session, 1981, transferred the appeal to the Court of Appeals, Third Supreme Judicial District at Austin. The Supreme Court of Texas, by order entered May 4, 1983, transferred the appeal to this court.

Appellant's first ground of error follows: "The trial court erred in overruling defendant's objection to the prosecutor's argument commenting on the defendant's failure to testify." Some discussion of the testimony is appropriate to understand this ground. One Lowden sold his car in the summer of 1980 and received a check for $350. Appellant suggested they cash it at the "Nineteenth Hole," which they did upon Lowden's purchase of some liquor. Lowden then rented a motel room, and appellant brought a woman to the room (Dora). During the stay in the room, appellant grabbed Mr. Lowden's shirt containing the money and would not let Mr. Lowden have it. Dora jumped over the balcony and appellant followed with Mr. Lowden giving chase. Mr. Lowden followed them until they got into a car and drove off. Later, a policeman, after receiving a description of the car and its occupants, stopped a car

fitting the description and took appellant and Dora into custody. A search revealed that both appellant and Dora had some money on their persons.

At the trial, counsel for appellant made the following argument to the jury:

"... I'll ask you to remember when I asked Mr. Lowden if he saw [appellant] take anything, take his money, or ever saw [appellant] in possession of any of his money, and he said no, I did not. I asked him if he ever saw—did he ever see [appellant] steal anything at all from him, and he said no. The State has attempted to show that he is acting with another person. Now, I ask you to study the charge that the judge gave you too, and you will be given a copy of this, as he told you, to take in the jury room. It tells you that mere presence alone will not make a person a party to an offense. The State has to prove beyond a reasonable doubt that this is a planned situation, that they are acting together, that he is assisting or encouraging the commission of the offense. Now, I submit to you I don't believe the State in this case has proved that [appellant] has stolen anything, and they are attempting to go around in a circular motion and come around and convict him on what someone by the name of Dora Castillo, that we haven't seen—[Dora]—did. I don't believe they have proved their case beyond a reasonable doubt, and I'm going to ask you to find the defendant not guilty. Thank you very much."

Counsel for the State then replied:

"... He doesn't have anything left because he has been suckered by these two con artists, the prostitute and [appellant]. And the fact of the matter is that's theft. Dora Castillo can't say well, it was—it was [appellant] that set it up, so I'm not guilty. And [appellant] can't sit back and say well, Dora is the one that actually took the money, so I'm not guilty, because the law of parties says when you are acting together, you are both guilty.

"[APPELLANT'S COUNSEL]: Object, Your Honor, to the comment on the failure of the defendant [our appellant] to testify.

"THE COURT: Overruled.

"[STATE'S COUNSEL]: Ladies and gentlemen, I'm just referring to what the law is.

"THE COURT: Just one moment. Don't—I will refer the jury back to the Court's charge in which I have stated to you that you cannot consider the failure of the defendant [appellant] to testify for any purposes whatsoever, either now or in your deliberations. You may continue.

"[STATE'S COUNSEL]: The only thing I'm referring to is what [appellant's counsel] told you when he said this imaginary Dora took the money and nobody saw [appellant] take the money. That's all I'm referring to in that. Whether she took the money just as is stated in the statement, and it's in the purse when he picks it up or not, they are acting together, the little plan for the rip-off is set up together, therefore they are both just as guilty. And based on that, I'll ask that you return a verdict of guilty of the offense of theft. Thank you."

TEX.CODE CRIM.PROC.ANN. art. 38.08 (Vernon 1979) provides:

"Any defendant in a criminal action shall be permitted to testify in his own behalf therein, but the failure of any defendant to so testify shall not be taken as a circumstance against him, nor shall the same be alluded to or commented on by counsel in the cause."

 The language used, when viewed from the standpoint of the jury, must make the inference that the comment had reference to defendant's failure to testify a necessary one. " 'It is not sufficient that the language might be construed as an implied allusion to the accused's failure to testify.' " *Stafford v. State*, 578 S.W.2d 394, 395 (Tex. Cr.App.1978), quoting *McDaniel v. State*, 524 S.W.2d 68, 70 (Tex.Cr.App.1975). We do not find that the State's argument here was directed to appellant's failure to testify. It was an argument made in reply to appellant's counsel's argument that the appellant should be found not guilty because

Dora took the money. The State was replying that each party cannot pass the responsibility off on the other person. See also *Rogers v. State,* 598 S.W.2d 258 (Tex.Cr. App.1980). This ground of error is overruled.

■ Appellant's final ground of error urges that the "trial court erred in convicting defendant of theft as the indictment is insufficient to support the conviction." The argument advanced is that the allegation "money of the value of more than $200.00 and less than $10,000.00" does not specify the amount of money allegedly taken. Appellant cites no cases in support of this ground of error. In *Rovinsky v. State,* 605 S.W.2d 578, 581 (Tex.Cr.App.1980), we find:

"[I]t is noted that the allegation of theft of over $10,000 current money of the United States is sufficient as to value and description."

In *Smith v. State,* 573 S.W.2d 546, 547 (Tex.Cr.App.1978), appellant contended "that although the indictment alleged that the property had a value of over $200, it was fundamentally defective for failing to allege a value of less than $10,000." The Court wrote (at 547):

"Here, as in [*Nitcholas v. State,* 524 S.W.2d 689 (Tex.Cr.App.1975)], the indictment is sufficient to charge a felony theft although it fails to specify the upper limit of the value of the property. Although this failure would prohibit conviction for theft over $10,000 even if the State proved up this greater value, it does not render the indictment fundamentally defective in regard to alleging a theft less than $10,000 but over $200. Thus, we hold that the present indictment is not fundamentally defective."

This ground of error is overruled.

The judgment of the trial court is affirmed.

Affirmed.