**Geraldine REYNOLDS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–85–171–CR.**

Court of Appeals of Texas, Beaumont.

Jan. 15, 1986.

Rodney D. Conerly, Port Arthur, for appellant.

John R. Dewitt, Asst. Criminal Dist. Atty., Beaumont, for appellee.

## OPINION

BROOKSHIRE, Justice.

Appellant was tried by information for the offense of theft of property of value over $20 but less than $200. At jury trial, Appellant pleaded not guilty. Appellant was found guilty and sentenced by the Court to 90 days in jail, probated over 6 months, with 7 days in jail as a condition of probation. A $200 fine was assessed.

Appellant brings forth a single ground of error wherein she questions the sufficiency of evidence regarding the value of the property appropriated.

The information alleged that Appellant did:

> "... appropriate property, by acquiring and exercising control of corporeal personal property, namely, one dress and one scarf, owned by CARLOS VILLARREAL, hereafter styled the Complainant, of the value of *at least twenty dollars but less than two hundred dollars*, with the intent to deprive the Complainant of the property, and without the effective consent of the Complainant. ..." (Emphasis ours)

The property alleged to have been taken was clearly identified through testimony of several witnesses. The evidence of value of property, a suit of clothes, was clear and uncontradicted as evidenced by the following testimony from Carlos Villarreal, Assistant Manager of a K-Mart Store:

> "Q Tell us what that value is.
>
> "A Twenty-three, thirty-three; twenty-three, twenty-three.
>
> "Q Twenty-three dollars and something?
>
> "A Twenty-three cents.
>
> ....
>
> "Q (By Mr. King) Mr. Villarreal, is twenty-three dollars and twenty-three cents more than twenty dollars but less than two hundred dollars?
>
> "A Yes. It's more than twenty dollars and less than two hundred dollars."

A second item taken, a scarf, was valued at $2. This evidence of value is not controverted, nor contradicted, nor impeached. Appellant basically argues that Villarreal testified that the value of the items seized was twenty-three ($.23) cents. We emphatically disagree.

In *Bullard v. State*, 533 S.W.2d 812, 815 (Tex.Crim.App.1976), we find the following:

"... If the manner of proving value did not meet with the approval of the appellant, it was incumbent upon him to voice his objection at the time of the introduction of the testimony. *Turner v. State*, 486 S.W.2d 797 (Tex.Cr.App.1972)."

And the objection must be correct and specific on the issue of value.

We hold, unequivocally, that there was ample and more than sufficient evidence to prove the prerequisite value. *See Carlsen v. State*, 654 S.W.2d 444 (Tex.Crim.App. 1983, Opinion on Rehearing); *Freeman v. State*, 654 S.W.2d 450 (Tex.Crim.App.1983, Opinion on Rehearing); *Denby v. State*, 654 S.W.2d 457 (Tex.Crim.App.1983, Opinion on Rehearing), and *Wilson v. State*, 654 S.W.2d 465 (Tex.Crim.App.1983, Opinion on Rehearing). *See also Houston v. State*, 663 S.W.2d 455 (Tex.Crim.App.1984). We overrule the Appellant's ground of error. The judgment of the trial court is affirmed.

AFFIRMED.