TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN








NO. 03-94-00507-CR








Kenneth A. Mohundro, Appellant




v.




The State of Texas, Appellee








FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT


NO. 91-287-K26, HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING








 This appeal is taken from a conviction for a third-degree felony theft offense. Act
of May 23, 1991, 72d Leg., R.S., ch. 565, § 1, 1991 Tex. Gen. Laws 2003 (Tex. Penal Code
§ 31.03(e)(4)(A), since amended, making theft a third-degree felony if the value of the property
was $750 or more but less than $20,000). (1) Appellant Kenneth A. Mohundro waived trial by jury
and entered a plea of guilty to the indictment before the trial court. In the bench trial pursuant
to the plea bargain, the trial court deferred adjudication of guilt and placed appellant on
"probation" subject to certain conditions for a period of seven years. A thousand dollar fine was
assessed. Subsequently, the State filed a motion to proceed to an adjudication of guilt to
which motion appellant entered a plea of "true." The trial court found the allegations of the
motion to be "true," found appellant guilty, and assessed his punishment at five years'
imprisonment.

 Appellant advances three points of error. First, appellant contends that the
indictment is fundamentally defective because it does not specifically allege the value of the
property stolen. Second, appellant claims that the indictment is fundamentally defective for
alleging an impossible date as the date of the alleged offense. Third, appellant contends that he
was deprived of the effective assistance of counsel when his trial counsel did not move to quash
the indictment and allowed him to plead guilty to a fundamentally defective indictment.

 The State calls our attention to the fact that appellant has filed only a "general
notice" of appeal. A notice of appeal must comply with the applicable provisions of the "but"
clause of Rule 40(b)(1) of the Texas Rules of Appellate Procedure to confer jurisdiction on a court
of appeals to address nonjurisdictional defects or errors where the defendant's plea of guilty or
nolo contendere was taken in accordance with article 1.15 of the Texas Code of Criminal
Procedure, (2) and the punishment assessed is within the terms of the plea bargain. Lyon v. State,
872 S.W.2d 732, 736 (Tex. Crim. App.), cert. denied, 114 S. Ct. 2684 (1994); Davis v. State,
870 S.W.2d 43, 46 (Tex. Crim. App. 1994); Duran v. State, 881 S.W.2d 86, 87 (Tex.
App.--Dallas 1994, no pet. h.); Wolff v. State, 878 S.W.2d 645, 646 (Tex. App.--Dallas 1994, no
pet.). Thus, a general notice of appeal does not confer jurisdiction on a court of appeals to
consider nonjurisdictional errors that occur before or after the entry of a negotiated plea. Lyon,
872 S.W.2d at 736; Penny v. State, 880 S.W.2d 59, 61 (Tex. App.--Dallas 1994, no pet.) (en
banc). A general notice of appeal does, however, confer jurisdiction on a court of appeals to
consider jurisdictional issues where there has been a negotiated plea agreement or bargain. Lyon,
872 S.W.2d at 736.

 Appellant's notice of appeal in the instant case is "general." It does not reflect that
the trial court granted permission to appeal nor does it show that any matter raised by a written
motion was ruled on by the trial court before the trial. See Tex. R. App. P. 41(b)(1). Appellant
has not complied by appellant with the rule. Thus, we may consider only jurisdictional issues.

 Appellant's first two points of error claim the indictment was fundamentally
defective. Under the circumstances, we shall assume that appellant is raising jurisdictional issues
within the jurisdiction of this Court. The third point of error is subject to a different fate.

 Appellant first contends that the indictment was fundamentally defective because
it failed to specifically allege the value of the property stolen, stating only that the property was
"United States currency of the value of $750 or more." Smith v. State, 573 S.W.2d 546 (Tex.
Crim. App. 1978), has been decided contrary to appellant's contention. In Smith, the Court of
Criminal Appeals held that an indictment alleging theft of property with a value of "over $200"
was not fundamentally defective for the failure to specify the upper limits of the property value
($10,000) for a third degree felony at the time of the offense. Id. at 547. (3) The court stated that
the defendant could not be convicted of theft of a higher degree than the offense charged. Id.; see
also Brown v. State, 664 S.W.2d 783, 785 (Tex. App.--Beaumont 1983, no pet.); Schoenberg v.
State, 624 S.W.2d 808, 811 (Tex. App.--Houston [14th Dist.] 1981, pet. ref'd).

 In 1985, article V, section 12 of the Texas Constitution was amended to provide
in pertinent part that: "The presentment of an indictment or information to a court invests the
court with jurisdiction of the cause." Moreover, a defendant who does not now object to a defect,
error, or irregularity of form or substance in an indictment or information before the date on
which the trial on the merits commences waives and forfeits the right to object on appeal or in any
post-conviction proceeding. Tex. Code Crim. Proc. Ann. art. 1.14(b) (West Supp. 1995). See
generally Studer v. State, 799 S.W.2d 263 (Tex. Crim. App. 1990) (interpreting Tex. Const. art.
V, § 12 and Tex. Code Crim. Proc. Ann. art. 1.14(b)); see also DeDonato v. State, 789 S.W.2d
321, 324 (Tex. App.--Houston [1st Dist.] 1990), aff'd, 819 S.W.2d 164 (Tex. Crim. App. 1991). 

 The instant indictment was not fundamentally defective and invoked the jurisdiction
of the district court. Sanders v. State, 664 S.W.2d 705, 708 (Tex. Crim. App. 1982); see also
Tex. Const. art. V, § 12. Furthermore, appellant did not object to any defect or error in the
indictment and therefore waived and forfeited his right to raise an objection on appeal. Lockett
v. State, 874 S.W.2d 810, 816 (Tex. App.--Dallas 1994, pet. ref'd); Williams v. State, 848
S.W.2d 777, 780 (Tex. App.--Houston [14th Dist.] 1993, no pet.); Gabriel v. State, 756 S.W.2d
68, 70 (Tex. App.--Houston [1st Dist.] 1988, no pet.). Point of error one is overruled. 

 Next, appellant argues that the indictment is fundamentally defective "for alleging
an impossible date." The indictment was returned on April 30, 1991. It originally alleged that
the theft offense was committed on or about December 4, 1991. Appellant thus contends that the
indictment alleged that the offense was committed after the filing of the indictment. Appellant
relies upon Ex parte Chance, 601 S.W.2d 356 (Tex. Crim. App. 1980), for the proposition that
an indictment that alleges an impossible date for the commission of the offense is fundamentally
defective, and that since the date is a matter of substance the indictment cannot be amended. 
Chance and other cases cited by appellant so hold, but they were decided prior to 1985. Article
V, section 12(b) of the Texas Constitution now specifically provides that the practice and
procedures relating to the amendment of indictments shall be "as provided by law." Article 28.10
of the Texas Code of Criminal Procedure provides:



(a) After notice to the defendant, a matter of form or substance in an indictment
or information may be amended at any time before the date the trial on the
merits commences. On the request of the defendant, the court shall allow the
defendant not less than 10 days, or a shorter period if requested by the
defendant, to respond to the amended indictment or information.


(b) A matter of form or substance in an indictment or information may also be
amended after the trial on the merits commences if the defendant does not
object.


(c) An indictment or information may not be amended over the defendant's
objection as to form or substance if the amended indictment or information
charges the defendant with an additional or different offense or if the
substantial rights of the defendant are prejudiced.



Tex. Code Crim. Proc. Ann. art. 28.10 (West 1989). Indictments may now be constitutionally
amended by the trial court as to matters of form or substance, notwithstanding article I, section
10 of the Texas Constitution which provides that no person shall be held to answer for a felony
offense unless under indictment by a grand jury. Cuesta v. State, 763 S.W.2d 547, 549-50 (Tex.
App.--Amarillo 1988, no pet.).

 For an amendment of an indictment to be valid, the amendment must be reflected
on the face of the indictment. The indictment itself must be altered. See Ward V. State, 829
S.W.2d 787, 793 (Tex. Crim. App. 1992); Harris v. State, 866 S.W.2d 316, 324 (Tex. App.--San
Antonio 1993, pet. ref'd). An examination of the instant indictment shows that it was amended
on its face to reflect that the offense was committed "on or about the 4th day of December, A.D.
1990." (emphasis added). Appellant concedes that the indictment was amended on its face, but
urges that the indictment was not "properly amended." He cites article 28.10 and Montoya v.
State, 841 S.W.2d 419 (Tex. App.--Dallas 1992, pet. ref'd), but does not explain why he contends
that the indictment was not properly amended or how these authorities support his position. 
Appellant has not briefed the issue or presented argument as required. Tex. R. App. P. 74(f). 
Nothing is presented for review. Moreover, appellant has not brought forward the statement of
facts. It is his burden to produce a record to support the error claimed. Tex. R. App. P. 50(d). 
Point of error two is overruled.

 In point of error three, appellant contends that he was deprived of the effective
assistance of counsel because his trial attorney did not file a motion to quash the indictments for
the reasons discussed in the first two points of error and allowed him to plead guilty to a
fundamentally defective indictment. A claim of ineffective assistance of counsel is a
nonjurisdictional issue. Lyon, 872 S.W.2d at 736; Robinson v. State, 880 S.W.2d 193, 194 (Tex.
App.--San Antonio 1994, no pet.). In light of appellant's "general" notice of appeal and other
circumstances of the instant case, we are without jurisdiction to address this issue.

 Even if it could be argued otherwise, we observe that appellant has not met the two-pronged test of Strickland v. Washington, 466 U.S. 668 (1984). The Strickland standard has been
adopted in Texas for resolving allegations of ineffective assistance of counsel under both the
federal and state constitutions. Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). 
Appellant's brief thus does not meet the requirements of Rule 74(f) of the Texas Rules of
Appellate Procedure. A defendant has the burden of affirmatively showing ineffective assistance
of counsel in the record. Jackson v. State, 877 S.W.2d 768, 770 (Tex. Crim. App. 1994). 
Appellant filed a motion for new trial alleging ineffective assistance of his retained counsel. A
hearing was held on the motion and it was denied. Neither the statement of facts of that hearing
nor of the guilty plea were brought forward in the appellate record. The burden is on appellant
to see that a sufficient record is presented to show error requiring reversal. Tex. R. App. P.
50(d). If this Court had jurisdiction of the issue presented in the third point of error, we would
be unable to appraise the contention in light of the record. The third point of error is dismissed
for want of jurisdiction.


 The judgment of conviction is affirmed.



 

 John F. Onion, Jr., Justice

Before Justices Jones, Kidd and Onion*

Affirmed

Filed: April 5, 1995

Do Not Publish











* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1988).

1.   For offenses committed on or after September 1, 1994, the new Penal Code established
different monetary values for third-degree felony theft. Tex. Penal Code Ann. § 31.03(e)(5)
(West 1994).
2.   Tex. Code Crim. Proc. Ann. art. 1.15 (West Supp. 1995).
3.   The Smith opinion noted that the defendant, as appellant here, cited cases holding that the
value of the property must be alleged if it affects the punishment, but distinguished Standley v.
State, 517 S.W.2d 538 (Tex. Crim. App. 1975), and other cases as involving the failure of the
indictments on their face to show whether the offense charged was a felony or misdemeanor. 
Smith, 573 S.W.2d at 547. The court held, however, that the Smith indictment was sufficient to
allege a third degree felony. Id. The same is true in the instant case despite the "poor pleading."