Opinion issued April 27, 2017



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-16-00862-CR

————————————

## JUAN ISMAEL SANCHEZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

On Appeal from the 180th District Court
Harris County, Texas
Trial Court Case No. 1465625

## O P I N I O N

Juan Ismael Sanchez appeals from his conviction for the theft of a motor vehicle, contending that the State did not introduce sufficient proof of the vehicle's value. We conclude that the proof is sufficient and affirm his conviction.

## Background

Sanchez was indicted for the theft of a neighbor's 2000 Volkswagen Bug. *See* TEX. PENAL CODE § 31.03. After a trial during which the defense rested without calling witnesses, the jury found Sanchez guilty of the offense, which was a state jail felony due the value of the car. Sanchez subsequently pleaded true to enhancement allegations concerning prior felony convictions, one for burglary and another for indecency with a child. The trial court then assessed Sanchez's punishment at 12 years' confinement.

## Sufficiency of the Evidence Regarding Fair Market Value

The offense for which Sanchez was tried and convicted, theft of property valued between $1,500 or more but less than $20,000, was a state jail felony. *See* Act of June 17, 2011, 82nd Leg., R.S., ch. 1234, § 21, 2011 Tex. Gen. Laws 3311 (amended 2015) (current version at TEX. PENAL CODE § 31.03(e)(4)(A)). On appeal, Sanchez contends that the State did not introduce sufficient proof of the Volkswagen Bug's value. The State produced evidence of the vehicle's value from the owner and from the investigating police officer.

### A. Standard of review and applicable law

We apply the standard for sufficiency of the evidence articulated in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011); *Pena v. State*, 441 S.W.3d 635, 640 (Tex. App.—Houston [1st Dist.]

2

2014, pet. ref'd). Under this standard, we consider all the proof in the light most favorable to the verdict and determine whether, based on the proof and any reasonable inferences the proof permits, a rational juror could have found the essential elements of the crime beyond a reasonable doubt. *Gear*, 340 S.W.3d at 746. We cannot substitute our judgment for that of the jury by reevaluating the weight or credibility of the evidence; we defer to the jury's resolution of conflicts in the proof, weighing of the testimony, and drawing of reasonable inferences from basic facts to ultimate facts. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

In part, the theft statute classifies offenses into different categories of misdemeanors and felonies based on the value of the property stolen. "Value" under the theft statute is "fair market value" at the time and place of the offense, if the property has an ascertainable fair market value. TEX. PENAL CODE § 31.08(a)(1). "Fair market value" is not defined by the statute; the courts have construed the term to mean the amount the property would sell for in cash, given a reasonable time for the sale. *Keeton v. State*, 803 S.W.2d 304, 305 (Tex. Crim. App. 1991); *Infante v. State*, 404 S.W.3d 656, 661 (Tex. App.—Houston [1st Dist.] 2012, no pet.). There is no one particular method of proving fair market value. *Keeton*, 803 S.W.2d at 305; *Robalin v. State*, 224 S.W.3d 470, 475 (Tex. App.—Houston [1st Dist.] 2007, no pet.). Methods of proof include an owner's valuation and a non-owner expert's

3

opinion. *Keeton*, 803 S.W.2d at 305; *Ray v. State*, 106 S.W.3d 299, 301 (Tex. App.—Houston [1st Dist.] 2003, no pet.).

The State tried to prove the value of the stolen car through the testimony of its owner. An owner need not be an expert to opine on the value of her own property. *Sullivan v. State*, 701 S.W.2d 905, 908 (Tex. Crim. App. 1986); *Anderson v. State*, 871 S.W.2d 900, 903 (Tex. App.—Houston [1st Dist.] 1994, no pet.). Nor is she required to explicitly state her opinion in terms of its market value. *Sullivan*, 701 S.W.2d at 908–09. Instead, it generally is presumed that a property owner's valuation testimony concerns fair market value. *Sullivan*, 701 S.W.2d at 909; *Sanders v. State*, 814 S.W.2d 784, 785–86 (Tex. App.—Houston [1st Dist.] 1991, no pet.). Thus, an owner may testify in general and commonly understood language about her property's value, and this testimony is sufficient proof for a jury to determine the property's value based on the owner's credibility. *Sullivan*, 701 S.W.2d at 909; *Ray*, 106 S.W.3d at 301–02. For example, an owner's testimony about the property's replacement cost may reasonably be understood as an opinion about its fair market value. *Sullivan*, 701 S.W.2d at 909; *Trammell v. State*, 511 S.W.2d 951, 954 (Tex. Crim. App. 1974). Similarly, an owner may testify in terms of the property's purchase price, provided that she purchased it recently enough relative to its theft to permit a reasonable juror to draw a conclusion about its value at the time of the offense. *Johnson v. State*, 676 S.W.2d 416, 418 (Tex. Crim. App.

4

1984); *Anderson*, 871 S.W.2d at 903. In order to rebut an owner's testimony about her property's fair market value, a defendant must do more than impeach the owner's credibility; the defendant must introduce controverting proof of the property's fair market value. *Sullivan*, 701 S.W.2d at 909; *Sanders*, 814 S.W.2d at 787.

The State also tried to prove the value of the stolen car through the testimony of the police officer who investigated its theft. A qualified expert—someone with knowledge, skill, experience, training, or education—may express an opinion concerning property's fair market value. TEX. R. EVID. 702; *Sullivan*, 701 S.W.2d at 908–09; *Sandone v. State*, 394 S.W.3d 788, 791–92 (Tex. App.—Fort Worth 2013, no pet.). An expert need not personally inspect the stolen property to opine on its value. *Thomas v. State*, 621 S.W.2d 158, 160 (Tex. Crim. App. 1980); *McCrory v. State*, 627 S.W.2d 762, 762 (Tex. App.—Houston [1st Dist.] 1981, no pet.). He is qualified to offer a valuation if he is acquainted with the fair market value of property of the same character. *Collier v. State*, 474 S.W.2d 240, 241 (Tex. Crim. App. 1971); *Foster v. State*, 661 S.W.2d 205, 209 (Tex. App.—Houston [1st Dist.] 1983, pet. ref'd). The expert does not need to make a precise calculation of the property's value; a general valuation suffices if it is made in terms of the property's fair market value. *Thomas*, 621 S.W.2d at 160. Thus, an expert may offer an opinion consisting of a range of values based on the values of similar products in a similar condition. *Zitterich v. State*, 502 S.W.2d 144, 145 (Tex. Crim. App. 1973); *see McNiel v. State*,

5

757 S.W.2d 129, 132 (Tex. App.—Houston [1st Dist.] 1988, no pet.). He likewise may base his opinion about a motor vehicle's fair market value on his review of the *Kelley Blue Book* or similar sources. *See Cooper v. State*, 537 S.W.2d 940, 943 (Tex. Crim. App. 1976); *Esparza v. State*, 367 S.W.2d 861, 862 (Tex. Crim. App. 1963).

Some challenges to property valuation require an objection during trial to preserve the issue for appeal while others do not. If the defendant did not object to the method of proving the property's value at trial, he may not complain about the method of valuation on appeal. *See Moff v. State*, 131 S.W.3d 485, 490–91 (Tex. Crim. App. 2004); *Turner v. State*, 486 S.W.2d 797, 799 (Tex. Crim. App. 1972). The same is true of objections to a witness's qualifications to opine on fair market value; these objections must be made in the trial court to be raised on appeal. *See Moff*, 131 S.W.3d at 490; *McCrory*, 627 S.W.2d at 763. But a defendant convicted of theft may challenge the evidentiary sufficiency of the stolen property's fair market value on appeal regardless of whether he objected to the proof at trial. *See Moff*, 131 S.W.3d at 488–89. Unpreserved objections concerning the competency or admissibility of particular proof cannot be raised in the guise of a challenge to its sufficiency. *See id.* at 490–92.

**B.    The State introduced sufficient proof that the car had a value of at least $1,500 when Sanchez stole it.**

The evidence of the Bug's fair market value leaves something to be desired. Nonetheless, we conclude that the proof of its value was sufficient to permit a rational juror to conclude it was worth at least $1,500.

The stolen car was a 2000 Volkswagen Bug. Laura Loera, the Bug's owner, testified that she purchased it for $3,500. She further testified that State's Exhibit 4, which was a photograph of a similar make and model of her Bug fairly and accurately depicted her vehicle at the time of the theft. The vehicle depicted in that photograph appeared to be in good condition.

Sanchez argues that Loera's testimony about the purchase price is insufficient because she never said when she purchased the vehicle. We agree. As the stolen Bug's owner, Loera's testimony that she purchased it for $3,500 could in some circumstances suffice to allow a rational juror to assess its fair market value. *See Sullivan*, 701 S.W.2d at 909. But Loera's car was about a decade and a half old when Sanchez stole it and Loera did not specify when she bought it or for how long she had owned it before Sanchez stole it. Shorn of this temporal context, her purchase-price testimony was not sufficient to support the jury's finding that the Bug's value

was $1,500 or more but less than $20,000 at the time of the offense. *See Johnson*, 676 S.W.2d at 418; *Anderson*, 871 S.W.2d at 903.[1]

Deputy K. Reed testified that he has researched the value of cars on several occasions. Relying on the *Kelley Blue Book*, he opined that the value of the Bug was more than $1,500 and less than $20,000. On cross-examination, he conceded that he never had seen the vehicle in question, which was not recovered after Sanchez stole it, and therefore could not calculate its exact value or the amount by which it may have depreciated. Sanchez argues that Reed's testimony is insufficient because the State did not establish Reed's qualifications to opine on the Bug's value. He further argues that Reed did not explicitly opine on the car's fair market value and acknowledged that he could not take into account depreciation given that he never saw the car. We disagree that Reed's testimony was insufficient.

Though Reed's testimony about his qualifications was threadbare—consisting only of his representation that he had researched the value of cars several times before—Sanchez did not object that Reed was unqualified and therefore has not preserved any error concerning Reed's qualifications. Having failed to challenge

---

[1]   Because we conclude that Loera's purchase-price testimony lacks the necessary temporal context, we need not consider whether a bare recitation of the purchase price and date of purchase would suffice. *See* TEX. R. EVID. 701; *Nat. Gas Pipeline Co. of Am. v. Justiss*, 397 S.W.3d 150, 156–59 (Tex. 2012) (property owner's valuation must not be conclusory; owner "must provide the factual basis on which his opinion rests").

8

Reed's qualifications or the basis for his opinion of the car's value in the trial court, Sanchez cannot do so on appeal. *See Moff*, 131 S.W.3d at 490; *McCrory*, 627 S.W.2d at 763. Moreover, while Sanchez is correct that the phrase "fair market value" is absent from Reed's testimony, Reed opined about the car's value in cash based on the *Kelley Blue Book*. This testimony suffices as proof of fair market value. *See Cooper*, 537 S.W.2d at 943; *Esparza*, 367 S.W.2d at 862. Contrary to Sanchez's argument, the rule requiring a non-owner expert to explicitly testify about stolen property's fair market value does not require the witness to literally use the phrase "fair market value" in his testimony. *Cf. Nat. Gas Pipeline Co. of Am. v. Justiss*, 397 S.W.3d 150, 161 (Tex. 2012) (property owner "need not use the phrase 'market value' in describing his valuation"). Thus, we conclude that Reed's testimony did not run afoul of the rule that he explicitly testify about the car's fair market value.

Finally, the fact that Reed had not seen Loera's Bug and thus could not comment on its depreciation is not fatal because a non-owner expert need not base his valuation opinion on an inspection of the actual property stolen. *Thomas*, 621 S.W.2d at 160; *McCrory*, 627 S.W.2d at 762. And the State presented evidence that Loera or her husband were regularly driving the vehicle. On this record, which does not contain any proof contrary to Reed's valuation, we hold that his testimony was sufficient to permit a rational juror to find that the fair market value of Loera's Bug was $1,500 or more but less than $20,000.

9

**Conclusion**

We affirm Sanchez's judgment of conviction.

                                               Harvey Brown
                                               Justice

Panel consists of Chief Justice Radack and Justices Brown and Lloyd.

Publish.  TEX. R. APP. P. 47.2(b).