William Howard **KEYS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 45246.

Court of Criminal Appeals of Texas.

Oct. 25, 1972.

Rehearing Denied Dec. 13, 1972.

Joseph W. Geary, Dallas, for appellant.

Henry Wade, Dist. Atty., Robert T. Baskett, Asst. Dist. Atty., Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the offense of robbery by assault. The court assessed the punishment at life.

The sufficiency of the evidence is challenged. Two eyewitnesses identified appellant as one of the robbers who entered a Dallas grocery store on October 3, 1969, and robbed Christine Pope of $4700.00. One of the robbers entered the cashier's booth and began taking money from the safe. The appellant, who was armed with a pistol, stopped an employee from going for help. He then went over to the cashier's booth and told the other robber to be sure to get all the money. The evidence is sufficient to support the conviction.

Appellant contends that the trial court erred in overruling his motion to suppress the in-court identification testimony of the witness Mrs. Christine Pope, and in permitting testimony concerning her pre-trial identification of the appellant.

Approximately a year after the robbery, two Dallas policemen brought five photographs to Mrs. Pope. From these she iden-

tified the appellant as one of two men who had robbed the Dallas grocery store at which she was empoyed as a cashier and took over $4700.00. It is further shown that Mrs. Pope made a positive in-court identification of the appellant.

■ Appellant contends that the in-court identification should not have been allowed because it was based on a pre-trial identification from photographs at which he was not represented by counsel. The rule is that in-court identifications which have been preceded by a pretrial identification by photographs will be set aside only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. Powell v. State, Tex.Cr.App., 466 S.W.2d 776. There was no such showing in the instant case.

■ Mrs. Pope was the only witness to testify regarding her pre-trial identification of appellant. Permitting the witness to testify that she had identified appellant from the five photographs shown to her was not error. Turner v. State, 486 S.W.2d 797

(1972); Ward v. State, Tex.Cr.App., 427 S.W.2d 876.

■ Further, appellant's rights under the Sixth and Fourteenth Amendments to the Constitution of the United States have not been violated as the constitutional right to counsel does not attach until formal charges have been initiated. Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411. Appellant's contention is overruled.

■ Lastly, appellant complains that the trial court committed error when it refused to grant his pro se motion to dismiss counsel. Appellant had counsel appointed for him on November 23, 1970, and did not seek to dismiss counsel until February 8, 1971, the day of the trial. Nowhere does the record reflect any bad faith, insincerity or disloyalty toward appellant by his attorney. In fact, counsel appears to have put on a vigorous defense. No abuse of discretion has been shown. See Andrade v. State, Tex.Cr.App., 470 S.W.2d 194.

No reversible error is shown. The judgment is affirmed.