Carl Olenthia BELCHER, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–82–0918–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 13, 1983.

Discretionary Review Refused Feb. 29, 1984.

Terry Collins, Houston, for appellant.

William Satterwhite, Houston, for appellee.

Before BULLOCK, COHEN and WARREN, JJ.

## OPINION

WARREN, Justice.

A jury found appellant guilty of aggravated rape and assessed punishment at 40 years confinement.

We affirm.

At approximately 6:30 a.m., June 11, 1981, complainant was walking from her apartment to her car when she saw a man peeping into an apartment window. The man, whom she later identified as appellant, approached her brandishing an ivory handled knife with a blade approximately four inches long. He placed the knife to her throat, told her that he would not hurt her if she did not talk, and pulled her to a recessed area in front of an apartment. Appellant then removed her clothing, performed several acts of deviate sexual intercourse and took complainant to her car. He laid complainant on the seat, covered her face, and again had sexual intercourse with her. After appellant ran away, complainant drove to a nearby motel and called her employer and the police. Complainant testified that the episode lasted ten to fifteen minutes and that it happened during daylight hours.

Approximately one week after the incident, complainant was summoned to the police station to view a photo spread. She was shown five black and white photos of black males, one of whom was appellant and the others of similar features. Complainant tentatively selected appellant as her assailant, but as an extra precaution, requested that she be allowed to view a color photo spread. Two days later, complainant viewed a color photo spread, which contained a photo of appellant and four other black males of similar features. This time she positively identified appellant as her assailant.

In four grounds of error, appellant claims that the trial court erred in:

(1) failing to suppress complainant's in-court identification;

(2) failing to suppress a knife and photograph thereof, because they were obtained as a result of an illegal search and seizure;

(3) failing to suppress clothing and a rape kit because the chain of custody was broken; and

(4) admitting the bolstering testimony of Detective John S. Kitts.

First, appellant claims that the in-court identification by complainant should have been suppressed because it was tainted by an illegal photo spread.

Appellant does not contend that the photos used were in any way suggestive, but objects that the same five men were not used in both spreads. It is true that appellant was the only person who appeared in both spreads. Detective Kitts, who prepared both spreads testified that he used different photos in the second spread "so it wouldn't be a duplicate spread" and "I didn't want it to look exactly like the first photo spread because I felt if she picked the man out of this particular photo spread, it would be with the same people and everything ... maybe if I change it up ... I was trying to be fair about it", and "trying to get the skin tones and lip features, hair features as close as possible to the same."

■ A photo spread is tainted if it is impermissibly suggestive and gives rise to a substantial likelihood of misidentification. *Simmons v. U.S.*, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968).

■ The second photo spread was viewed two days after complainant viewed the first. There is no contention that the photos of the men used either in the first or the second spread were not similar to the photo of appellant. This would seem to make complainant's selection of her assailant more difficult rather than easier. She testified that she thought the photos used in both spreads were of the same five people. We do not consider the photo spreads, as conducted, to be impermissibly suggestive.

Appellant also urges that the viewing of the spread collectively rather than individually is in direct conflict with the recommendation in *Powell v. State*, 466 S.W.2d 776, 778 (Tex.Cr.App.1971) that the photos be shown to witnesses separately and apart. This recommendation did not concern the showing of several photos to one witness at one time, but rather the allowing of two or more witnesses to view a photo or photos in the presence of the other.

In our case, complainant had more than ample opportunity to observe appellant at close range and in broad daylight. Her photo identification was made shortly after the assault on her and her in-court identification was, according to her testimony, based on her observation of appellant at the time of the attack. Appellant's first ground of error is overruled.

We find no merit in appellant's contention that the knife allegedly used in the attack and a photograph thereof should not have been admitted into evidence because the knife was obtained as a result of an illegal search and seizure.

Appellant allowed the knife and a photograph of the knife to be admitted into evidence without objection. Previously, during a motion to suppress, he announced to the court that he was abandoning his motion to suppress the knife. There is nothing to review. *Johnson v. State,* 504 S.W.2d 496 (Tex.Cr.App.1974).

Appellant next contends that the trial court should not have admitted the rape kit and the clothing worn by complainant on the morning of the attack. The State is not obligated to prove chain of custody on such items as clothing. *Hackbarth v. State,* 617 S.W.2d 944 (Tex.Cr.App.1981).

The sealed rape kit was brought from the hospital by complainant, and placed in her mother's refrigerator. Complainant delivered the kit several days later to a Detective Fawkes who marked it and placed it in a lock box. James Bolding, a police chemist, took the kit from the lock box, initialed it and gave it a laboratory number. Complainant, Detective Fawkes, and Mr. Bolding each testified that the kit was sealed when they received it. Mr. Bolding testified that although the seal could be easily removed, if such an attempt was made, it could be easily detected, because the tape would tear in many pieces before it was removed. Although there were possible breaks in the chain of custody while the kit was in control of complainant, there is no evidence of tampering, and there was affirmative evidence showing a lack of tampering. Since each of the witnesses identified the rape kit as the one previously in his or her possession and each testified that he received it in a sealed condition, and since the chemist testified that it remained in a sealed condition until he checked the contents, appellant's objections to the chain of custody would go to the weight of the evidence rather than to its admissibility. *Mendoza v. State,* 552 S.W.2d 444 (Tex.Cr. App.1977). Under no stretch of the imagination could the rape kit or clothing have been a determining factor in appellant's being convicted.

Even if the court erred in admitting the rape kit, it would be harmless error. Appellant's third ground of error is overruled.

Appellant's remaining ground of error claims that the following testimony of Detective John S. Kitts amounted to a bolstering of complainant's testimony.

Q. (By Mr. Magliolo) After she made the positive identification of this Defendant, what did you next do?

A. The next thing I did was, I prepared this case and brought it to the D.A. intake for a review.

Q. Would it be fair to say that charges were filed and this Defendant was arrested?

Mr. Collins: I object. He is attempting to bolster this officer's testimony.

The Court: Overruled.

Q. (By Mr. Magliolo) Would it be fair to say charges were filed against this Defendant and an arrest was made?

A. Yes, sir, exactly.

Before this colloquy and the objection by appellant, Detective Kitts had testified, without objection, that complainant had made a positive identification of appellant from the photo spread. Usually, a defendant must object at the first opportunity or waive any objection to the testimony. *Jackson v. State,* 548 S.W.2d 685, 694 (Tex.Cr.App.1977); *Davis v. State,* 516 S.W.2d 157 (Tex.Cr.App.1974).

Further, because complainant was vigorously cross-examined, and admitted that her physical description of appellant

first given to the police varied greatly from appellant's actual physique, and her belief that the same individuals appeared in both photo spreads, it is permissible for State to show that the witness had made a prior out-of-court identification. *Smith v. State,* 595 S.W.2d 120 (Tex.Cr.App.1980).

This ground of error is overruled.

Affirmed.