Tonislas **MARTINEZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 04–85–00407–CR.

Court of Appeals of Texas,
San Antonio.

May 30, 1986.

Rehearing Denied June 23, 1986.

Giles E. Miller, Fredericksburg, for appellant.

Gerald W. Schmidt, Cty. Atty., Fredericksburg, for appellee.

Before BUTTS, CANTU and TIJERINA, JJ.

## OPINION

TIJERINA, Justice.

This is an appeal from a conviction for driving while intoxicated. The jury found appellant guilty as charged and the court

assessed punishment at 180 days in jail and a fine of $1,413.00.

The first five grounds of error are related and will be addressed jointly. Appellant complains that the trial court erroneously admitted into the evidence (1) testimony concerning the apprehension, detention, handcuffing and mistreatment of appellant without a warrant or probable cause; (2) testimony concerning the statutory warning under the "Miranda Rule" without assistance of counsel or denial of the right to make a telephone call; (3) testimony that appellant refused the intoxilizer test because he was not allowed his phone call prior to making the decision; (4) testimony of the police officers which constituted "hearsay," untruthful, inflammatory and unsubstantial evidence; and (5) testimony of a prosecution witness who was sworn and placed under the rule, but remained in the courtroom as a substitute bailiff.

Appellant and his wife were involved in an argument during which she telephoned for police assistance. The wife stated that they had spent some time at an ice house where appellant drank a few beers. At trial, a deputy sheriff testified without objection that on the date and time in question he went to appellant's house in response to a call for a family disturbance in progress. He stated he saw appellant drive his vehicle on a public road:

OTTMERS: I went to the Martinez residence at that time and as I was approaching the residence a vehicle had come out and started down the highway towards me. . . .

I turned my top lights on and this vehicle then pulled into the driveway there at the Martinez residence.

Q: Who was the driver of that vehicle?

A: Mr. Martinez.

The officer further testified, again without objection, that he observed appellant get out of his vehicle with a beer in his hand, that appellant smelled strongly of alcohol and was unsteady on his feet, and that in his opinion appellant was intoxicated. Appellant was described as belligerent and uncooperative. Another officer also at the scene testified without objection that appellant smelled strongly of alcohol, was holding onto the door of the pickup because he was unsteady on his feet, and was intoxicated. A third officer attested to the same facts. Appellant and his wife testified, denying that appellant was intoxicated. Appellant admitted drinking a few beers and that he had a can of beer in his hand at the time he confronted the officers.

■■■ Appellant made no objections at trial concerning the testimony of the officers relating to the investigation and arrest; therefore, nothing is presented for review. *Griffin v. State,* 665 S.W.2d 762, 763 (Tex.Crim.App.1983); *May v. State,* 618 S.W.2d 333, 349 (Tex.Crim.App.1981). The material issue of whether appellant was driving a vehicle on a public road while intoxicated was disputed. TEX. CODE CRIM. PROC. ANN. art. 38.04 (Vernon 1979) provides: "The jury, in all cases, is the exclusive judge of the facts proved, and the weight to be given to the testimony." Here, there was enough credible evidence to support the conviction. *Bowden v. State,* 628 S.W.2d 782, 784 (Tex.Crim.App. 1982); *Johnson v. State,* 571 S.W.2d 170, 174 (Tex.Crim.App.1978).

Appellant argues that under the ruling in *Forte v. State,* 686 S.W.2d 744 (Tex.App.— Fort Worth 1985, pet. granted), he is entitled to counsel to assist him in making the critical decision of whether he would or would not agree to take the intoxilizer test. Appellant was told that he would not be given his phone call until after he had been offered the intoxilizer. Appellant refused to take the intoxilizer test. Appellant's objection to evidence suggesting that he was given an opportunity to take the intoxilizer was overruled.

The court in *Forte v. State, supra,* stated, viz:

We hold that any person who is required to submit to a chemical test of the alcohol content of his blood, breath or urine shall have the right to consult with a lawyer of his own choosing before making that decision. . . .

The person must be informed of his right and police officers must assist in its vindication. The right to counsel will be considered vindicated if the person is provided with a telephone prior to testing and given a reasonable time to contact and talk with counsel.

*Id.* at 754.

Because there was a reasonable possibility that the evidence complained of might have contributed to the conviction or affected the punishment assessed, the error in admitting into evidence the intoxilizer test results was determined to be not harmless and the cause reversed. The Court of Criminal Appeals in its discretionary review of *Forte*, 707 S.W.2d 89, reversed the judgment of the court of appeals as to its conclusion that appellant was denied the right of counsel on federal constitutional grounds. The cause was remanded for consideration of the right to counsel question under Texas law.

■ Under Texas law, appellant did not have a right to counsel until the formal charges were filed. *Turner v. State*, 486 S.W.2d 797, 800 (Tex.Crim.App.1972). *In accord Kirby v. Illinois*, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972); *Keys v. State*, 486 S.W.2d 958, 959 (Tex.Crim.App. 1972). In the instant case, however, appellant refused to take the intoxilizer test. In view of the independent evidence of probative force showing that he was intoxicated, we cannot say that the evidence objected to contributed to the conviction or to the sentence assessed. *Esquivel v. State*, 595 S.W.2d 516, 529 (Tex.Crim.App.1980). Under TEX. REV. CIV. STAT. ANN. art. 6701*l*–5 (Vernon Supp.1986), the failure or refusal to take the test is admissible upon trial. The error, if any, was harmless.

■ Appellant's next complaint concerns a prosecution witness, an officer who was sworn and placed under the rule but permitted to be inside the courtroom as a substitute bailiff. It appears that the prosecutor had discussed with the witness his anticipated testimony and concluded that he would not call him as a witness. Thereafter the witness was assigned to bailiff duties. *Haas v. State*, 498 S.W.2d 206, 210 (Tex.Crim.App.1973), held that where a witness under the rule hears the testimony of other witnesses, the error will be considered harmless if the witness does not contradict the testimony of the witness he heard. "Not every violation of the 'rule' will result in reversible error." *Hougham v. State*, 659 S.W.2d 410, 413 (Tex.Crim. App.1983); TEX. CODE CRIM. PROC. ANN. art. 36.03 (Vernon 1981). Whether to allow a witness who has violated the "rule" to testify is within the sound discretion of the trial court. *See Brown v. State*, 632 S.W.2d 191, 194 (Tex.Crim.App.1982). The witness in this case was first examined out of the presence of the jury and it was developed that his testimony, if allowed, was not material to the issue in dispute. He did not see appellant driving the vehicle on a public road. We, therefore, conclude that the error, if any, was harmless.

■ In point of error six appellant complains that the State failed and refused to make available the arrest and investigation report of the officers. The record indicates that the trial court granted appellant's motion for discovery and ordered the prosecutors to produce and permit the inspection of and copying and/or photographing of, and examination of all documents requested. There is nothing in this record to show that appellant objected to the failure or refusal of the State to produce the reports or documents as ordered by the court. One officer was cross-examined by appellant as to certain notes or reports used by the witness but made by another officer. Again appellant made no application to the court to exclude the documents or the evidence from those documents used by the officer to refresh his memory. Failure to object at trial waives error, if any. *Pizzalato v. State*, 513 S.W.2d 566, 569 (Tex. Crim.App.1974). Appellant cannot advance an objection on appeal which was not raised in the trial court. *Sierra v. State*, 482 S.W.2d 259, 264 (Tex.Crim.App.1972).

■ In ground of error seven appellant claims that the trial court erroneously com-

mented on the weight of the evidence and in ground of error eight he complains that the trial court erred in impaneling a jury with only technical minority representation. Appellant cites no authorities in support of his assertions of error, therefore he does not preserve error. *McWherter v. State,* 607 S.W.2d 531, 536 (Tex.Crim.App.1980); *Zuniga v. State,* 490 S.W.2d 577, 578 (Tex. Crim.App.1973); TEX. CODE CRIM. PROC. ANN. art. 40.09 (Vernon Supp. 1986). Moreover, appellant voiced no objection to the alleged improper comments by the trial court or the absence of minorities on the jury panel. *Griffin v. State, supra.* We have, nevertheless, reviewed the record and find no reversible error. All grounds of error are overruled.

The judgment of the trial court is affirmed.

CANTU, Justice, concurring.

While agreeing with the majority that the conviction should be affirmed, I disassociate myself from that portion of the opinion that unnecessarily and incorrectly decides that appellant was not entitled to counsel until formal charges were filed under existing Texas case law.

To be sure, the specific question has never been answered and so we have the remand to the Court of Appeals in Fort Worth for consideration of the very question in the first instance. *See Forte v. State,* 707 S.W.2d 89 (Tex.Crim.App.1986) (en banc) affirming in part and reversing and remanding in part *Forte v. State,* 686 S.W.2d 744 (Tex.App.—Fort Worth 1985) (on rehearing).

The majority opinion relies on *Turner v. State,* 486 S.W.2d 797 (Tex.Crim.App.1972) and *Keys v. State,* 486 S.W.2d 958 (Tex. Crim.App.1972). Neither case, however, stands for the proposition relied upon by the majority. In each instance the only consideration before the court was the applicability of the Sixth Amendment of the United States Constitution and *United States v. Wade,* 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967) to a challenged trial court ruling on right to counsel. In no instance has the question been addressed bearing on the applicability of Article I, section 10 of the Texas Constitution.[1]

In the instant case appellant's challenge on appeal as well as before the trial court, the right to counsel question is phrased in terms of *United States v. Wade, supra. Miranda v. Arizona,* 384 U.S. 436, 87 S.Ct. 1602, 16 L.Ed.2d 694 (1966); *Edwards v. Arizona,* 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981) and the holding in *Forte v. State,* 686 S.W.2d 744 (Tex.App.—Fort Worth 1985). Appellant thus raises only the applicability of the federal constitution to a right to counsel situation.

No challenge on state grounds is before this court. Thus, we should refrain from gratuitously offering an erroneous opinion.

Otherwise believing that the result is correct, I concur with the majority opinion.

---

1. In *White v. State,* 625 S.W.2d 835 (Tex.App.— Houston [14th Dist.] 1981, no pet.) it is unclear which constitution the court was considering. (post indictment pretrial lineup) Nonethelesss, the court relies upon *Kirby v. Illinois,* 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972) which in turn addresses the applicability of the 6th and 14th Amendments to the federal constitution.