Gary Charles Groves v. State
















IN THE
TENTH COURT OF APPEALS
 

No. 10-01-223-CR

     GARY CHARLES GROVES,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 40th District Court
Ellis County, Texas
Trial Court # 25,242 CR
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      Gary Groves appeals from a life sentence and $10,000 fine for the murder of Charity Sue
Comes. Groves claims in two points that the trial court abused its discretion by (1) admitting a
white t-shirt when its chain of custody had not been properly established, and (2) admitting
Groves’s written confession taken in violation of his Miranda rights. We affirm.
CHAIN OF CUSTODY OF THE WHITE T-SHIRT
      Groves claims in his first point that the trial court abused its discretion in admitting the white
T-shirt that the victim had allegedly worn because the condition of the shirt was altered after it was
seized by law enforcement officers. Groves contends that a chain of custody was not established
and therefore it should not have been admitted. Because a chain of custody is not required for
articles of clothing which are readily identifiable, we disagree.
      The determination of the admissibility of evidence is left to the sound discretion of the trial
court and will not be reversed on appeal unless a clear abuse of discretion is shown. Werner v.
State, 711 S.W.2d 639, 643 (Tex. Crim. App. 1986); Nevarez v. State, 832 S.W.2d 82, 86 (Tex.
App.—Waco 1992, pet. ref’d). We require a chain of custody showing only when scientific tests
or analyses can distinguish the evidence’s relevant characteristics. Ballard v. State, 23 S.W.3d
178, 183 (Tex. App.—Waco 2000, no pet.); Davis v. State, 831 S.W.2d 426, 443 (Tex.
App.—Austin 1992 pet. ref’d). If the offered item possesses characteristics which are fairly
unique and readily identifiable, and if the substance of which the item is composed is relatively
impervious to change, the trial court is viewed as having broad discretion, and no chain of custody
is necessary. Hackbarth v. State, 617 S.W.2d 944, 947 (Tex. Crim. App. 1981). Here, the
clothing was readily identifiable and therefore no chain of custody was necessary. Id.; Belcher
v. State, 661 S.W.2d 230, 233 (Tex. App.—Houston [1st Dist.] 1983, pet. ref’d).
      Accordingly, point one is overruled.
WRITTEN CONFESSION
      Groves claims in his second point that the trial court abused its discretion in admitting
Groves’s written statement into evidence because the written statement was taken while in custody
and was not voluntary. We disagree.
      An accused must give his confession voluntarily before it can be used against him. Penry v.
State, 903 S.W.2d 715, 744 (Tex. Crim. App. 1995); Sendejo v. State, 953 S.W.2d 443, 447-48
(Tex. App.—Waco 1997, pet. ref’d). Once the accused contests the admission of his statement
on the ground of “involuntariness,” the due process guarantee requires the trial court to hold a
hearing on the admissibility of the statement outside the presence of the jury. Alvarado v. State,
912 S.W.2d 199, 211 (Tex. Crim. App. 1995) (citing Jackson v. Denno, 378 U.S. 368, 380, 84
S. Ct. 1774, 12 L. Ed. 2d 908 (1964)); see also Tex. Crim. Proc. Ann. art. 38.22 § 6 (Vernon
Supp. 2003).
      The statement of an accused may be used in evidence against him if it appears that it was
freely and voluntarily made without compulsion or persuasion. Tex. Code Crim. Proc. Ann.
art. 38.21 (Vernon 1977). The determination of whether a confession is voluntary is based on an
examination of the totality of the circumstances surrounding its acquisition. Green v. State, 934
S.W.2d 92, 99 (Tex. Crim. App. 1996); Rodriquez v. State, 934 S.W.2d 881, 887 (Tex.
App.—Waco, 1996, no pet.). The admission of an involuntary confession is a trial error subject
to a harm analysis. Rey v. State, 897 S.W.2d 333, 344-45 (Tex. Crim. App. 1995).
      In reviewing the trial court’s ruling on a motion to suppress, an appellate court should show
almost total deference to the trial court’s determination of the historical facts that are supported
by the record. Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997); Rodriquez, 934
S.W.2d at 887. However, the appellate court reviews de novo the trial court’s determination of
mixed questions of law and fact that do not turn upon an evaluation of the credibility and
demeanor of the witnesses. Guzman, 955 S.W.2d at 89. The appellant has the burden of
demonstrating clear abuse of discretion on the part of the trial judge in denying the motion to
suppress. Hiser v. State, 830 S.W.2d 338, 340 (Tex. App.—Houston [14th Dist.] 1992, no pet.).
      Groves complains that his confession should not have been admitted into evidence because,
even though he voluntarily waived his rights under Miranda v. Arizona, 384 U.S. 436, 86 S. Ct.
1602, 16 L. Ed. 2d 694 (1966), it was unlawfully obtained through the use of unduly coercive
interrogation techniques.
      The trial court held a hearing on Groves’s motion to suppress. Groves testified that (1) law
enforcement officers made threats, (2) Groves was refused contact with his family, (3) Groves was
promised leniency in exchange for a confession, (4) law enforcement officers created an
adversarial atmosphere that emotionally upset Groves, (5) the arraignment was delayed, and (6)
the interrogation was prolonged and “inherently coercive.”
“Inherently Coercive”
      In support of Groves’s argument that the interrogation tactics used by the police officers were
coercive, Groves points to Ashcraft v. Tennessee. 322 U.S. 143, 153, 64 S. Ct. 921, 926, 88 L.
Ed. 1192 (1944). In Ashcraft, the defendant was held for thirty-six hours after his seizure. He
was held incommunicado, without sleep or rest. Relays of officers, experienced investigators, and
highly trained lawyers questioned him without respite. None of these facts were disputed by the
State. Id. The Court held that this situation was inherently coercive, and the defendant’s
confession was involuntary. Id. at 153-54, 64 S. Ct. at 926.
      Groves testified that the questioning period lasted for nine hours total and the statement took
two hours to write. He also testified that he was subjected to relay questioning. 
      The officers’ testimony agreed generally that the questioning period lasted for seven hours and
the writing of the confession lasted for two hours, the officers’ testimony noted that time included
breaks given to Groves by the officers, and breaks that Groves took while writing his confession
as well. Additionally, the officers gave Groves drinks, food, and restroom breaks. The officers
testified that they never told Groves what to write. The following day, Groves took the officers
to the scene of the crime.
      Groves testified that the statement he wrote was mostly dictated to him by the officers. The
officers denied this allegation. One officer admitted that the purpose of the questioning was to
obtain a confession from Groves.
      While all of these circumstances may contribute to an involuntary statement, none are so
heinous that they would support a finding of “inherent coercion” under Ashcraft.
Other Circumstances
      Groves, who was twenty-one at the time of the custodial interrogation, testified that he was
not allowed to contact his mother and was threatened during the interrogation. Testimony
establishes that prior to questioning and after being Mirandized, Groves understood his rights and
never asked to contact an attorney or anyone else. Officer testimony established that Groves only
asked to contact his mother after he had already confessed. Additionally, the officers testified that
they never threatened Groves.
      Groves complains that the length of the arraignment’s delay caused an involuntary confession. 
The record shows that the arraignment was made in 24 hours. Article 15.17(a) at that time
required an officer who has arrested a person on the basis of a warrant to take the accused before
a magistrate “without unnecessary delay.”


 Act of May 29, 1989, 71st Leg., R.S., ch. 977, §1,
1989 Tex. Gen. Laws 4053-54 (amended 2001) (current version at Tex. Code Crim. Proc. Ann.
art. 15.17(a) (Vernon Supp. 2003)); Yates v. State, 941 S.W.2d 357, 361 (Tex. App.—Waco
1997, pet. ref’d). The magistrate is required to advise the suspect of the charge against him and
of his Miranda rights. Id. Unless the accused demonstrates a causal connection between a failure
to comply with article 15.17(a) and his decision to confess, the confession is valid. Boyd v. State,
811 S.W.2d 105, 124 (Tex. Crim. App. 1991); Yates, 941 S.W.2d at 361. Even an unreasonable
delay will not invalidate an otherwise valid confession if the accused was properly informed of his
Miranda rights. Cantu v. State, 842 S.W.2d 667, 680 (Tex. Crim. App. 1992); Yates, 941
S.W.2d at 361. Groves admitted that he did receive the Miranda warnings and was fully aware
of his rights. He admitted that he never asked to speak to an attorney, to terminate the interview,
or to have an attorney appointed.
      Additionally, it is uncontested that the investigators displayed photographs of the victim’s
body. Groves attempts to draw comparison to Davis v. State, 308 S.W.2d 880, 882 (Tex. Crim.
App. 1958), in which the defendant was forced to view a photograph of the victim, lying in a pool
of blood, for twenty five minutes. The Court in Davis ultimately concluded that the defendant’s
confession was involuntary, but the photograph was only one of several factors considered.



      Groves testifies that he was promised a lesser included offense in exchange for his confession. 
For a confession to be rendered involuntary by promises from law enforcement, the accused must
show that the promise was (1) positive; (2) of some benefit to the defendant; (3) made or
sanctioned by someone in authority; and (4) of such an influential nature that a defendant would
speak untruthfully in response thereto. Sossamon v. State, 816 S.W.2d 340, 345 (Tex. Crim.
App. 1991); Renfro v. State, 958 S.W.2d 880, 885 (Tex. App.—Texarkana 1997, pet. ref’d). In
testimony, the police officers denied that any promises of leniency were made.
      At the conclusion of the hearing, the court dictated the following findings into the record:



The court finds that the defendant was not coerced, threatened, or promised anything
for talking with the officers. The defendant had access and necessities such as food,
water, restroom facilities. 
 
The Court finds that the manner in which the interrogation may have taken place
over a period of seven hours, other than with the breaks and food and water and rest
room, that it was not unduly long to cause someone to confess falsely.
 
Further, the Court finds that the fact that the defendant had voluntarily, before he
was under arrest, spoken to the police voluntarily about this incident and, in fact, even
given them a statement previously is additional indication that the defendant was willing
to talk to the officers.
 
Further, the Court finds no causal connection between the confession and failure, if
any, to take the defendant before a magistrate without unreasonable delay....And I find
the defendant wasn’t – it was less than 24 hours before the defendant was taken before
the magistrate; but nevertheless, I don’t see any causal connection because the defendant
was informed of all his rights under Article 38.22 and the Code of Criminal Procedure
and the laws of the United States.
 
The defendant waived those rights either ostensibly by actually doing so or by not
stating that he wished to avail himself of any of those rights. And I further find that the
statement was taken in compliance with the laws of Texas, laws of the United States; and
the statement was voluntary and admissible.
      As previously stated, we show almost total deference to trial court determinations based on
credibility of the witnesses. Guzman, 955 S.W.2d at 89. The trial court’s determination rested
upon the credibility of the witnesses and the totality of the circumstances. Accordingly, we find
that the trial court did not err in admitting Groves’s written statement. We overrule Groves’s
second point.
      We affirm the judgment.

                                                                   REX D. DAVIS
                                                                   Chief Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed March 26, 2003
Do not publish
[CRPM]