Affirmed and Memorandum Opinion filed August 28, 2007








Affirmed and Memorandum Opinion filed August 28, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00611-CR

____________

 

CHEVALIER RILEY PAIGE, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 178th
District Court

Harris County, Texas

Trial Court Cause No. 1062901

 



 

M E M O R A N D U M   O P I N I O N

A jury convicted appellant Chevalier Riley Paige of
aggravated robbery and sentenced him to fifteen years= confinement in
the Texas Department of Criminal Justice, Institutional Division.  In his sole
issue on appeal, appellant claims the trial court denied his constitutional
right to counsel in violation of the United States and Texas Constitutions.  We
affirm.

                                                  Background








Following his arrest for aggravated robbery, the trial
court appointed Mr. Rudy Duarte to represent appellant at trial.  In
preparation for trial, Mr. Duarte reviewed the State=s file and filed
several motions with the court.  Mr. Duarte also visited appellant in jail on
two separate occasions.  Mr. Duarte=s first visit took
place three days prior to trial.  At that time, Mr. Duarte first learned that
appellant=s uncle had supposedly retained another attorney, Mr.
Cedrick Muhammad, to replace him as appellant=s trial counsel. 
Although the record is not clear on this point, it appears Mr. Duarte continued
to discuss the upcoming trial even after learning of the possible substitution
of counsel.  The second visit occurred two days later.  At this visit,
appellant refused to speak with Mr. Duarte concerning his case.

On the day of trial, appellant informed the bailiff that he
would need to be handcuffed and gagged before being brought into the courtroom,
apparently to express his dissatisfaction with Mr. Duarte=s representation. 
At a bench conference prior to the commencement of voir dire, appellant
informed the court that he preferred to be represented by Mr. Muhammad.
Appellant acknowledged that he had refused to speak to Mr. Duarte and explained
that his  behavior was due to his perception that Mr. Duarte was not representing
him properly. During this discussion, the trial court noted, and appellant
acknowledged, that Mr. Muhammad was not present in court  to replace Mr.
Duarte.  The trial court further noted that Mr. Muhammad had not contacted  the
court or the prosecutor=s office at any point regarding his
representation of appellant.  

In response to Mr. Muhammad=s absence,
appellant suggested the court try and contact him in case there was an emergency
preventing his attendance.  The trial court declined to do so, stating it was
not the court=s duty to contact appellant=s counsel but
encouraged appellant=s family to call Mr. Muhammad on appellant=s behalf.  The
record does not indicate any effort was made to contact Mr. Muhammad, and the
trial court decided to go forward with Mr. Duarte representing appellant. 
After two days of trial, appellant was found guilty of aggravated robbery and
sentenced to fifteen years in prison. 

                                                      Analysis








On
appeal, appellant argues that the trial court violated his constitutional right to
counsel of his choice by forcing him to proceed to trial with his
court-appointed lawyer after he made known his preference to be represented by
retained counsel.  The United States and Texas Constitutions guarantee a
defendant in a criminal proceeding the right to have the assistance of
counsel.  Gonzalez v. State, 117 S.W.3d 831, 836 (Tex. Crim. App.
2003).  The right to assistance of counsel contemplates the defendant=s right to obtain
assistance from counsel of defendant=s choosing.  Id. 
Although an accused is entitled to counsel of choice, Athis choice is not
without limitations.@  Brink v. State, 78 S.W.3d 478,
485 (Tex. App.CHouston [14th  Dist.] 2001, pet. ref=d).  The
presumption that a defendant should be allowed his choice of counsel may be
overridden by other important considerations regarding the integrity of the
judicial process and the fair and orderly administration of justice.  Gonzalez,
117 S.W.3d at 837.

When faced with an accused=s eleventh hour
request for change in counsel, a trial court essentially has three options.  Burgess
v. State, 816 S.W.2d 424, 428 (Tex. Crim. App. 1991).  First, the court
may, at its discretion, appoint or allow new counsel to be retained.  Id. 
Second, if new counsel is denied, an accused may assert his right to
self-representation.  Id. at 428B29.  Third, if the
trial court denies new representation and the accused does not waive counsel
and invoke his right to self-representation, then the trial court Amust compel an
accused . . . to proceed to trial with the lawyer he has, whether he wants to
or not.@  Id. at
429.  We review a trial court=s refusal to grant a motion to dismiss
counsel for an abuse of discretion.  Keys v. State, 486 S.W.2d 958, 959 (Tex.
Crim. App.
1972).








In the current matter, the trial court was not presented
with a request for substitution of counsel or notified of any conflict between
appellant and his appointed counsel until the day of trial.  Texas courts have
consistently held that an accused may not wait until the day of trial to demand
different counsel or request that counsel be dismissed so that he may retain
other counsel.  See
Robles v. State, 577
S.W.2d 699 (Tex. Crim. App. 1979); Webb v. State, 533 S.W.2d 780 (Tex.
Crim. App. 1976); Keys, 486 S.W.2d at 958; Brown v. State, 464
S.W.2d 134 (Tex. Crim. App. 1971).  Further, appellant=s counsel of choice was not present
at the proceeding and had made no effort to contact the court regarding his
intent to replace appellant=s appointed counsel.  While appellant maintains that the
trial court should have attempted to locate his missing lawyer, the result
would have been an inevitable delay or postponement of trial.  An accused=s right to select
his own counsel cannot be manipulated so as to obstruct the orderly procedure
in the courts or to interfere with the fair administration of justice.  Webb,
533 S.W.2d at 784.  Moreover, the record demonstrates that appellant=s appointed
counsel was prepared and ably represented him at trial.  A[W]hile the right to select and be
represented by one=s preferred attorney is comprehended by the Sixth Amendment,
the essential aim of the Amendment is to guarantee an effective advocate for
each criminal defendant rather than to ensure that a defendant will inexorably
be represented by the lawyer whom he prefers.@  Wheat v. U.S., 486 U.S. 153,
159 (1988); see Morris v. Slappy, 461 U.S. 1, 13B14 (1983).  Accordingly, the trial
court did
not abuse its discretion in denying appellant=s request for new
counsel, and because appellant did not waive counsel or insist on his right of
self-representation, the trial court appropriately continued with the proceedings
with appellant=s court appointed lawyer.  Appellant=s sole issue is
overruled.

We affirm
the trial court=s judgment.

 

 

/s/        Leslie B. Yates

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed August 28, 2007.

Panel
consists of Justices Yates, Edelman, and Seymore.

Do Not
Publish C Tex. R. App. P. 47.2(b).