In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00079-CR


______________________________




BRENDA ASHBY STONE, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 124th Judicial District Court


Gregg County, Texas


Trial Court No. 35979-B




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Brenda Ashby Stone, appellant, has filed with this Court a motion to dismiss her appeal. The
motion is signed by Stone and by her counsel in compliance with Tex. R. App. P. 42.2(a). As
authorized by Rule 42.2, we grant the motion. See Tex. R. App. P. 42.2.

 Accordingly, we dismiss the appeal.



 Jack Carter

 Justice


Date Submitted: July 7, 2008

Date Decided: July 8, 2008


Do Not Publish



began seating a panel to select a jury in this case. Immediately before voir dire examination
was to begin, counsel for Sessions advised the trial court that Sessions had a written motion to
present to the court asking that counsel be dismissed and requesting new counsel. Sessions
addressed the court and stated he was dissatisfied with his counsel. The trial court stated that the
court had received the motion and denied it. A jury was selected that day, and the trial was
conducted on August 23, 2006. 

Standard of Review

 A motion to dismiss counsel and substitute new counsel is reviewed under an abuse of
discretion standard. See King v. State, 29 S.W.3d 556, 566 (Tex. Crim. App. 2000); Keys v. State,
486 S.W.2d 958, 959 (Tex. Crim. App. 1972). 

 The test for an abuse of discretion is not whether, in the opinion of the reviewing court, the
facts present an appropriate case for the trial court's action; rather, it is a question of whether the
court acted without reference to any guiding rules or principles, and the mere fact that a trial judge
may decide a matter within its discretionary authority differently than an appellate judge does not
demonstrate such an abuse. Howell v. State, 175 S.W.3d 786, 792 (Tex. Crim. App. 2005). 

Analysis

 Here, the appointed attorney had represented Sessions for more than four months. No
objection was made to appointed counsel until a jury was about to be selected. While every
defendant is entitled to effective assistance of counsel, an accused's right to counsel cannot be
manipulated so as to obstruct the orderly procedure in the courts or to interfere with the fair
administration of justice. Webb v. State, 533 S.W.2d 780, 784 (Tex. Crim. App. 1976) (citing
Thompson v. State, 447 S.W.2d 920 (Tex. Crim. App. 1969); Estrada v. State, 406 S.W.2d 448 (Tex.
Crim. App. 1966)). An accused may not wait until the day of trial to demand different counsel or
to request that counsel be dismissed so that he or she may retain other counsel. Webb, 533 S.W.2d
at 784. A critical question in this analysis is the timing of the request. In this case, the motion was
not presented to the trial court until the jury panel had been assembled to select a jury for this trial. 
Undoubtedly, the selection of a jury and the trial of the case during that week would have been
impossible had the trial court granted the motion to appoint new counsel. 

 Further, the request to dismiss counsel was based on counsel's alleged failure to file the
motions Sessions desired, that Scott had only visited Sessions four times in jail, and on the attorney's
alleged unwillingness to "have a Jury Trial based on his biased oppinion [sic] that Defendant David
Sessions is guilty." However, the record showed that Scott had filed numerous motions for Sessions
(motion for jury to assess punishment if found guilty, motion for exculpatory evidence, and motion
to list State's witnesses, motion in limine regarding prior convictions and extraneous offenses,
motion for discovery and production). The attorney obtained a written agreement and order granting
the motions. A criminal defendant is not entitled to appointed counsel of his or her choice. Dunn
v. State, 819 S.W.2d 510 (Tex. Crim. App. 1991). Personality conflicts and disagreements
concerning trial strategy are typically not valid grounds for withdrawal. King, 29 S.W.3d at 566
(citing Solis v. State, 792 S.W.2d 95, 100 (Tex. Crim. App. 1990)).

 Sessions further alleges his motion to dismiss counsel or substitute counsel was denied by
the trial court without a hearing. The record reflects counsel advised the trial court that Sessions had
filed his own written motion at which time the trial court advised, "I'll look at it." Apparently, after
examining the motion, the trial court announced the motion was denied, but allowed Sessions to
address the court. Sessions then stated his counsel had "not filed any motions whatsoever for me. 
He hasn't did [sic] nothing." The trial court responded that the court had considered the motion and
that it was denied. While no evidence was formally presented to the trial court, it is clear the trial
court did review the written motion of Sessions and hear his oral plea. The Texas Court of Criminal
Appeals has determined that the trial court is not required to sua sponte conduct a hearing on the
motion to dismiss counsel. Malcom v. State, 628 S.W.2d 790, 792 (Tex. Crim. App. [Panel Op.]
1982). Here, the motion was called to the attention of the trial court and was considered and ruled
on. No request was made for a more formal hearing or for the presentation of sworn testimony. We
do not believe the court erred in the manner of considering the motion to dismiss counsel. 

 Having found no abuse of discretion by the trial court, we affirm the judgment. 

 


 Jack Carter

 Justice


Date Submitted: February 8, 2007

Date Decided: March 20, 2007


Do Not Publish