

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| NATHAN HODGES, | § | No. 08-11-00278-CR |
| Appellant, | § | |
| | § | Appeal from the |
| v. | § | 112th District Court |
| THE STATE OF TEXAS, | § | of Upton County, Texas |
| Appellee. | § | (TC# 02-11-U749-SAC) |
| | § | |

**O P I N I O N**

In three issues, Appellant Nathan Hodges appeals the trial court's revocation of his deferred adjudication community supervision and adjudication of guilt.

**BACKGROUND**

On November 22, 2002, eighteen-year-old Appellant was indicted in Upton County on four counts of aggravated sexual assault of a child (Counts I through IV), and three counts of indecency (Counts V, VI, and VII) with a child. TEX. PENAL CODE ANN. § 22.021 (West 2011), TEX. PENAL CODE ANN. § 21.11 (West 2011). Appellant pleaded guilty to Counts I through IV, VI, and VII on March 20, 2003, and was placed on community supervision for a term of ten years under an order of deferred adjudication.

On or about January 29, 2011, Appellant was arrested and charged with driving while intoxicated (DWI) and resisting arrest in Ector County. On February 17, 2011, the State moved for adjudication of Appellant's guilt based on his failure to comply with the terms and conditions of his community supervision.[1]

The trial court issued an order setting the hearing on the motion to adjudicate in Crockett County,[2] and provided notice to counsel. At the hearing, Appellant's counsel stated that he was ready to proceed but noted that Appellant was requesting a continuance in order to hire a different attorney. The trial court denied the continuance because Appellant had been incarcerated for seven months and had ample opportunity to retain another attorney prior to the hearing. Appellant's counsel also stated that he had not had an opportunity to speak with his client about the agreed motion to change venue order to hear the case in Crockett County. The court replied that there was no need for an agreed motion to change venue because the motion to adjudicate was being heard in Crockett County, a county within the 112th Judicial District, and identified that due to Appellant's seven-month confinement, it was necessary to timely construe the motion.

After hearing the evidence presented by both the State and Appellant, the trial court found to be true all of the State's allegations that Appellant had violated his terms and conditions. The trial court then adjudicated Appellant's guilt on four counts of aggravated sexual assault of a child

---

[1] The four terms and conditions which the State alleged Appellant violated were: "(2) Commit no offense against the laws of this State or any other State or of the United States; . . . . (3) Avoid injurious or vicious habits (including the use of narcotic or habit-forming drugs and alcoholic beverages); also abstain from use of intoxicating liquor and stay away from places where liquor is sold or distributed, except bona fide eating establishments; . . . . (4) Avoid persons or places of disreputable or harmful character (including not frequenting or going about places where intoxicating beverages are sold); . . . . (15) Pay a fifty and No/100 dollar ($50.00) per month community supervision fee at the Permian Basin Community Supervision and Corrections Department, with the first payment being due on or before the tenth (10th) day of the first month following the entry of this instrument and a like sum being due and payable on or before the tenth (10th) day of each succeeding and successive month thereafter throughout the term of this community supervision."

[2] Both Upton County and Crockett County are in the 112th Judicial District. TEX. GOV'T CODE ANN. § 24.214(a) (West 2004).

2

and two counts of indecency with a child. TEX. PENAL CODE ANN. § 22.021 (West 2011), TEX. PENAL CODE ANN. § 21.11 (West 2011). At that point, when asked if there was any legal reason why sentencing should not be pronounced, Appellant's attorney responded that there was none. The trial court then sentenced Appellant to twenty years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice. Appellant raises three issues on appeal.

## DISCUSSION

### Venue

In Issue Two, Appellant argues that the trial court erred when it changed venue of the adjudication hearing from Upton County to Crockett County on its own motion without Appellant's consent.

In support of his contention, Appellant relies on Article Five of the Texas Constitution which provides that a district court "shall conduct its proceedings at the county seat of the county in which the case is pending, except as otherwise provided by law." TEX. CONST. art. V, § 7. Appellant also directs us to article 13.20 of the Texas Code of Criminal Procedure which provides that trial of a felony case without a jury, "may, with the consent of the defendant in writing, his attorney, and the attorney for the state, be held in any county within the judicial district or districts for the county where venue is otherwise authorized by law." TEX. CODE CRIM. PROC. ANN. art. 13.20 (West 2005). Appellant asserts that the change of venue from Upton to Crockett County was not provided for by law and required his consent. We disagree.

We review a trial court's decision to change venue under an abuse of discretion standard. *Salazar v. State*, 38 S.W.3d 141, 150 (Tex.Crim.App. 2001); *Rodgers v. State*, 162 S.W.3d 698, 711 (Tex.App. — Texarkana 2005) *aff'd*, 205 S.W.3d 525 (Tex.Crim.App. 2006). The 112th

3

Judicial District is composed of Crockett, Pecos, Reagan, Sutton, and Upton Counties. TEX. GOV'T CODE ANN. § 24.214(a) (West 2004). The local rules of the 112th District Court provide:

> The Court will set your case for hearing as quickly as possible. In an effort to do so, the Court may set your case in another county within the District, other than the county the case is filed in . . . . 112th (TEX). DIST. CT. LOC. R. 4.13 (Upton County).

We conclude that the trial court did not abuse its discretion by changing venue to Crockett County because doing so was provided for by law and the trial court acted in accordance with the local rules of its court. TEX. CONST. art. V, § 7; 112th (TEX). DIST. CT. LOC. R. 4.13 (Upton County). *Salazar*, 38 S.W.3d at 150. Issue Two is overruled.

**Right to Counsel**

In Issue One, Appellant claims that he was denied the right to representation by counsel of his own choice.

The United States Constitution, the Texas Constitution, and the Texas Code of Criminal Procedure guarantee a criminal defendant the right to assistance of counsel. U.S. CONST. amend. VI; TEX. CONST. art. I, § 10; TEX. CODE CRIM. PROC. ANN. art. 1.05 (West 2005); *Gonzalez v. State*, 117 S.W.3d 831, 836 (Tex.Crim.App. 2003). The right to assistance of counsel contemplates the defendant's right to obtain assistance from counsel of his own choosing. *Powell v. Alabama*, 287 U.S. 45, 53, 53 S.Ct. 55, 58, 77 L.Ed. 158 (1932); *Gonzalez*, 117 S.W.3d at 836-37. Although an accused is entitled to counsel of choice, it is not without limitations. *Brink v. State*, 78 S.W.3d 478, 485 (Tex.App. – Houston [14th Dist.] 2001, pet. ref'd). While there is a strong presumption in favor of a defendant's right to retain counsel of his choice, it may be overridden by other important considerations relating to the integrity of the judicial process and the fair and orderly administration of justice. *Gonzalez*, 117 S.W.3d at 837; *Webb v. State* 533

4

S.W.2d 780, 784 (Tex.Crim.App. 1976); *see also Neal v. State*, 689 S.W.2d 420, 427 (Tex.Crim.App. 1984), *cert. denied*, 474 U.S. 818, 106 S.Ct. 65, 88 L.Ed.2d 53 (1985) ("An accused . . . may not use his constitutional right to counsel so as to manipulate the commencement of his trial to suit his convenience and pleasure.").

When faced with a defendant's last minute request to change counsel, a trial court has three options. *Burgess v. State*, 816 S.W.2d 424, 428 (Tex.Crim.App. 1991). It may: (1) at its discretion, appoint or allow new counsel to be retained; (2) deny new counsel and the defendant may assert his right to self-representation; or (3) deny new counsel and compel the defendant to proceed with his current lawyer. *Burgess*, 816 S.W.2d at 428-29, *citing Robles v. State*, 577 S.W.2d 699, 704-05 (Tex.Crim.App. 1979). A trial court's refusal to dismiss counsel will stand absent an abuse of discretion. *Coleman v. State*, 246 S.W.3d 76, 85 (Tex.Crim.App. 2008); *Keys v. State*, 486 S.W.2d 958, 959 (Tex.Crim.App. 1972).

In this case, Appellant retained his attorney, Mr. James Jepson. On March 29, 2011, five months before the revocation hearing took place, Mr. Jepson notified the trial court of his representation. There is no record of Appellant complaining of Mr. Jepson's representation or requesting a change of counsel until the beginning of the hearing to adjudicate. At the hearing, Mr. Jepson stated that he wished to withdraw because Appellant had failed to pay him and Appellant informed the trial court that he wanted to hire a different attorney to handle this matter. When the trial court asked Appellant if he had yet hired another attorney or had another attorney present at the hearing, Appellant replied that he did not. The court refused to grant a continuance in order for Appellant to retain new counsel, noting that Appellant had been incarcerated for seven months with ample opportunity to hire different counsel and was provided notice of the scheduled

5

hearing. Additionally, when asked by the trial court, Mr. Jepson responded that he was ready to proceed. At no point at the hearing did Appellant challenge the competency or effectiveness of Mr. Jepson's counsel. He only stated that he preferred to hire a different attorney.

We conclude that no abuse of discretion occurred when the trial court denied Appellant's request to dismiss his attorney at the adjudication hearing. *Coleman*, 246 S.W.3d at 85. Issue One is overruled.

**Procedural Due Process**

In Issue Three, Appellant argues that the trial court's failure to conduct a separate hearing on punishment denied him of his right to procedural due process.

Both Appellant and the State agree that the procedural safeguard of a bifurcated trial is only applicable to those cases tried before a jury on a plea of not guilty. TEX. CODE CRIM. PROC. ANN. art. 37.07, § 2(a) (West 2006). *Barfield v. State*, 63 S.W.3d 446, 450 (Tex.Crim.App. 2001). *See also Thom v. State*, 563 S.W.2d 618, 619 (Tex.Crim.App. 1978) (there is no bifurcated trial on a plea of guilty). Appellant's contention is that he was denied an opportunity to offer evidence relevant to his sentencing as provided for in article 37.07 of the Texas Code of Criminal Procedure, which states, "Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing . . . ." TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1) (West 2006). Appellant argues that an opportunity to present evidence relevant to sentencing in compliance with this statute would occur after guilt has been determined (such as at a hearing on sentencing) because only then does sentencing become an issue.

The State proffers, and we agree, that Appellant not only had the opportunity but did in fact

present evidence relevant to sentencing at the hearing to adjudicate. Appellant testified that, after being screened he was found to not have the propensity of being a predator, he expressed a desire to receive help for his admitted alcohol problem, acknowledged that the court was going to punish him, and asked the trial court to have mercy on him. Additionally, Appellant and the State each made sentencing recommendations at closing argument, suggesting that they were aware that guilt and sentencing would be pronounced consecutively. After the trial court found Appellant guilty, it asked if there was any legal reason why sentencing should not be pronounced. Appellant's counsel responded that no legal reason existed for delaying pronouncement, and the court sentenced Appellant to twenty years' imprisonment.

We conclude that Appellant presented evidence relevant to his sentencing during the adjudication hearing and declined the opportunity to present any further evidence after his guilt had been pronounced. Therefore, Appellant was not denied his right to offer evidence relevant to his sentencing. TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1) (West 2006). Issue Three is overruled.

## CONCLUSION

The trial court's judgment is affirmed.


GUADALUPE RIVERA, Justice

October 30, 2013

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)

7