OPINION
Opinion by:
Luz Elena D. Chapa, Justice
Mark McCourt Lieber appeals his conviction for theft ($1,500-$20,000) from an elderly individual. He argues there is legally insufficient evidence that the value of jewelry the State indicted him for stealing was $1,500 or greater.[1] We affirm.
BACKGROUND
Lieber was indicted for theft of.jewelry having the value of $1,500 or more but less than $20,000 from Beverly Ann Valentino, an elderly individual. The indictment alleged Lieber had two prior felony convictions. Lieber pled not guilty, and the case proceeded to a jury trial.
Three witnesses testified for the State. Valentino, a seventy-one year old widow, testified she hired a contractor to replace her ceiling and to fix cracks in the walls of her home in Kerrville. She explained she took off her diamond engagement ring and her 1960 high school class ring to clean her house and she placed" them in a box in her bathroom drawer. Valentino stated Lie-ber and another man who worked for the contractor came to her house to complete the work, but they quit after two weeks. After the workers quit, Valentino searched her house for her rings but was unable to find them. Also missing from her home was a pearl ring and a small box of her late husband’s tie tacks and tie pins. Valentino called the sheriff to report a theft.
The trial "court admitted into evidence State’s Exhibit 1, which was a photograph of a sales receipt from Fitch Estate Sales. Sitting on top of the receipt shown in the photograph were two rings, which Valentino identified as her pearl and diamond rings, but the stones had been removed from the ring settings. Valentino testified her engagement ring setting held a three-quarter karat diamond. The trial court also admitted State’s Exhibit 2 and Exhibit 3, which included photographs of a ring Valentino identified as her diamond ring. Valentino testified her opinion of the value of her diamond ring “intact” was $5,000; the value of her pearl ring was $250; the value of the tie tacks was $300; and the value of her class ring was $500. Valentino further testified she filed a claim with her insurance company for the jewelry and received about $3,800 after a $500 deductible.
Defense counsel took Valentino on voir dire and asked about the basis for her opinion of the diamond ring’s value. She stated she did not compare her ring to other bands of a similar nature. Valentino testified an insurance company appraised her ring after the theft based on her description of the ring. Defense counsel concluded voir dire by asking, “I just want to make sure that this value is according to *177 your opinion; correct?” Valentino responded, “My opinion, yes.” There was no objection as to the form, basis, or foundation about the diamond ring’s value.
. Jason Smith, who manages Fitch Estate Sales, testified he was contacted by law enforcement officials about Libber. Smith stated Lieber came into his store to sell some rings. Smith testified he purchased the rings depicted in State’s Exhibit 1 from Lieber.
James Ledford, an investigator for the Kerr County Sheriffs Department, testified about his investigation into the theft. He stated Valentino reported her jewelry stolen and he discovered during his investigation that Lieber sold the rings to Fitch Estate Sales.
Jim Morris, a defense expert, testified about the value of the rings sold to Fitch Estate Sales. [1] He testified that when the diamond ring (sans diamond) was sold it weighed 4.2 grams, and that 4.2 grams of gold was then worth only $98.20. Morris also stated that the setting on the diamond ring “would probably not take larger than about a .55 to .60 stone.” In his opinion, a three-quarter karat diamond would be too large to fit in the setting.
The trial court admitted Defense Exhibit 2, which contained a document from Valentino’s insurance company. The document listed the stolen items for which Valentino submitted a claim to her insurance; it showed the value of the engagement ring was $3,165; the value of the pearl ring was $225; the value of the tie accessories was $360; and the value of another ring was $240. Morris 'testified that the weight of Valentino’s diamond ring was 4.2 grams, but the insurance claim described the ring as having approximately “2.1 grams of gold weight.” Morris opined that the ring described in the claim form could not have been the same ring that Valentino described.
On cross-examination,•■•Morris testified the best way to place a monetary value’on a ring is to examine it in .person rather than in a photograph. Morris admitted he never' personally examined the complete ring or the diamond. Morris also acknowledged he could not tell the jury (and confirmed he' had not testified) that the value of the diamond ring was worth less' than $1,500.
The jury convicted Lieber of theft and, after finding he was convicted of two prior felonies, sentenced him to seventy-five years’ imprisonment -in the' Institutional Division of the Texas Department of Criminal Justice. Lieber now appeals.
Legal Sufficiency
Lieber challenges the legal sufficiency of the evidence only with regard to the “value” element of the crime. In reviewing the legal sufficiency of the evidence, we ask whether “any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.” Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); accord Laster v. State, 275 S.W.3d 512, 517 (Tex.Crim.App.2009). We review the evidence “in the light most favorable to the verdict.” Merritt v. State, 368 S.W.3d 516, 525 (Tex.Crim.App.2012). “Our role on appeal is restricted to guarding against the rare occurrence when a factfinder does not act rationally,” and we must “defer to the responsibility of the trier of fact to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.” Isassi v. State, 330 S.W.3d 633, 638 (Tex.Crim.App.2010) (internal quotation marks and citations omitted).
Lieber was indicted for theft of property with the value of $1,500 or more but less than $20,000. See Tex. • Penal *178 Code Ann. § 31.03(e)(4) (West Supp.2014). “Value” refers to “the fair market value of the property ... at the time and place of the offense.” Id. § 31.08 (West 2011). “Fair market value” is the amount of money the property in question would sell for in cash, given a reasonable time for selling it. Keeton v. State, 803 S.W.2d 304, 305 (Tex.Crim.App.1991).
Fair market value may be proved by, among other means, the owners opinion testimony as to the value of the property. Id.; see, e.g., Buchans v. State, No. 04-14-00753-CR, 2015 WL 4638094, at *2 (Tex.App.-San Antonio July 15, 2015, no. pet. h.) (mem» op., not designated for publication). “It has long been the rule in this State that the owner of property is competent to testify as to the value of his own property.” Sullivan v. State, 701 S.W.2d 905, 908 (Tex.Crim.App.1986). “[Wjhen the owner of the property is testifying as to the value of the property, he or she may testify as to his or her opinion or estimate of the value of the property in general and commonly understood terms.” Id. at 909. “Because such testimony is an offer of the owner’s best knowledge of the value of his property, it is legally sufficient evidence for the trier of fact to make a determination as to value based on the owner’s credibility as a witness.” Smiles v. State, 298 S.W.3d 716, 719 (Tex.App.-Houston [14th Dist.] 2009, no pet.).
Lieber argues there is legally insufficient evidence regarding the value of the diamond ring. He does not contest the yalues Valentino gave to the other stolen items: $250 for the pearl ring;. $300 for the tie accessories; and $500 for the class ring. Thus, we must determine whether there was evidence from which any rational-jury could have found that the value of the diamond ring was $450 or more. See Laster, 275 S.W.3d at 517. Valentino testified her opinion of the value of her diamond ring “intact” was $5,000. Based on the evidence that the diamond had been removed from the ring’s setting, the jury could have rationally inferred that the monetary value Valentino placed on her engagement ring included the diamond. See id.; Merritt, 368 S.W.3d at 525. The insurance claim also showed the insurance company valued the diamond ring at $3,165.
Lieber contends Valentino’s testimony and the insurance claim are legally insufficient evidence of the value of the diamond ring because (1) Morris, Lieber’s defense expert, contradicted Valentino’s testimony about the size of the diamond the ring setting could -hold; (2) the diamond ring was purchased more than forty years before it was stolen; and (3) Valentino based her opinion of the diamond ring’s value on the insurance claim, and the insurance claim was not competent evidence of the diamond ring’s market value because it was equivalent to the trade-in value of a vehicle.[2]
Although Morris contradicted Valentino’s testimony by testifying the setting on the diamond ring could hold only a .55 to .6 karat' diamond and not a .75 karat diamond, Morris admitted he based his opinion on viewing a picture of the ring and never personally examined the ring, which he testified was the best way to determine the value of a piece of jewelry. We must defer to the jury to resolve conflicts in the testimony and to weigh the evidence. See Isassi 330 S.W.3d at 638. The jury was *179 entitled to discount Morris’s testimony and give credence to Valentino’s testimony. See Shannon v. State, 800 S.W.2d 896, 902 (Tex.App.-San Antonio 1990, pet. ref'd). Morris also clarified he was not testifying that the total value of a .55 to .60 karat diamond and the other stolen-jewelry was necessarily less than $1,500.
Citing Nitcholas v. State, 524 S.W.2d 689 (Tex.Crim.App.1975), and Townsend v. State, No. 06-05-00130-CR, 2006 WL 2683345 (Tex.App.-Texarkana Sept. 20, 2006, pet. ref'd) (mem. op., not designated for publication), Lieber argues an owner can testify to the purchase price of her property only if the property is relatively new when it is stolen and, here, Valentino testified she owned her diamond ring for approximately forty years. However, Valentino’s opinion of the value of the. diamond ring was not based on the purchase price. Thus, Nitcholas and Townsend are inapplicable.
• The record also does not support Lie-ber’s contention that Valentino’s opinion of the diamond ring’s value was based on-the insurance claim or “trade-in value.” Valentino stated during voir dire that the diamond ring’s $5,000 value was her personal opinion, and this amount is nearly $2,000 more than the insurance company’s assessed value. Valentino’s testimony was not simply based on the amount the’insurance company paid on her insurance claim for the diamond ring. Rather, her testimony provided that she assessed the value of the diamond ring as the property owner. Compare Sullivan, 701 S.W.2d at 908-09, with Scott v. State, 741 S.W.2d 435, 439 (Tex.Crim.App.1987) (holding testimony about trade-in value of a car was not based on the owner’s opinion of “the cash market value at the time of the offense"). Furthermore, the amount paid from an insurance claim and the owner’s opinion, even if based on the amount paid from an insurance claim, can be legally sufficient evidence of value. See Davis v. State, No. 14-04-00610-CR, 2006 WL. 177581, at *3 (Tex.App,-Houston [14th Dist.] Jan. 26, 2006, pet. ref'd) (mem. op., not designated for publication) (holding that an owner’s testimony, when based on amount received from' insurance claim, was legally sufficient of fair market value of stolen -car); Jimenez v. State, 67 S.W.3d 493, 506 (Tex.App.-Corpus Christi 2002, pet. ref'd) (holding that evidence of amount of insurance claim payment can be legally sufficient to show fair market value evén absent, specific statement in record regarding value). Based on the evidence admitted at trial, we hold a rational jury could have found that the value of the property stolen was $1,500 or more. See Isassi, 330 S.W.3d at 638.
Conclusion
Because there is legally sufficient evidence to-support Lieber’s conviction, we affirm the trial court’s judgment.

. In a second issue, Lieber argues that if we hold the evidence is legally insufficient to support his “conviction for third-degree felony theft, then the case would become a state-jail felony offense” that is not subject to an enhanced punishment under Texas Penal Code section 12.42(d). See Tex. PeRal Code Ann. § 12.42(d) (West Supp.2014). Because we hold the evidence is legally sufficient, we need not address this issue. See Tex. R. App. P. 47.1.

. In his brief, Lieber also noted the evidence showed he received approximately $100 for the diamond and pearl rings, sans stones. However, during oral argument, counsel clarified Lieber was not contending that the evidence shows the stones were not affixed to the rings when they were stolen from Valentino.