

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00283-CR

---

LAWRENCE JOSEPH GALL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from County Court at Law Number 14 District Court
Bexar County, Texas
Trial Court No. 698825, Honorable Carlo Key, Presiding

---

April 17, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Following a plea of not guilty, Appellant, Lawrence Joseph Gall, was convicted by a jury of theft of property valued at $100 or more but less than $750, a Class B misdemeanor, and sentenced to ninety days in jail and a $1,000 fine.[1] By a sole issue, he maintains the evidence is insufficient to support his conviction.[2] The State concedes

---

[1] TEX. PENAL CODE ANN. § 31.03(e)(2)(A).

[2] Originally appealed to the Fourth Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. TEX. GOV'T CODE ANN. § 73.001.

the value of the items stolen was not proven and requests the judgment be reformed to reflect a conviction for the lesser-included offense of a Class C misdemeanor. We reverse and render a judgment of acquittal.

## BACKGROUND

According to the testimony of a Wal-Mart asset protection investigator, Appellant entered the store carrying a backpack and a receipt and was acting suspicious. She observed Appellant on camera as he placed an article of boys clothing in the backpack. She also saw him enter a fitting room with a hoodie and jogging pants which she deduced he put on underneath his clothing. Appellant also gathered certain housewares and grocery items and attempted a fraudulent return at the service desk with the receipt he had brought into the store. The return was denied, and he was asked to leave. The investigator testified Appellant became combative and uncooperative and she called 911. Other officers responded, subdued Appellant, and arrested him for theft.

Appellant challenges the sufficiency of the evidence to support his conviction. The State concedes it failed to present any evidence of the value of the stolen items to support a Class B misdemeanor but posits that even without any evidence of value, the conviction can be reformed to the lesser-included offense of theft of property valued at less than $100, a Class C misdemeanor. We disagree with the State's position.

---

Should a conflict exist between precedent of the Fourth Court of Appeals and this Court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court. TEX. R. APP. P. 41.3.

## STANDARD OF REVIEW

The only standard a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense the State is required to prove beyond a reasonable doubt is the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)*. See Adames v. State*, 353 S.W.3d 854, 859 (Tex. Crim. App. 2011); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). Due process requires the State to prove beyond a reasonable doubt every element of the charged offense. *Jackson*, 443 U.S. at 326.

We consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, any rational juror could have found the essential elements of the crime beyond a reasonable doubt. *Queeman v. State*, 520 S.W.3d 616, 622 (Tex. Crim. App. 2017). We give deference to the responsibility of the trier of fact to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jenkins v. State*, 493 S.W.3d 583, 599 (Tex. Crim. App. 2016). Each fact need not point directly and independently to the appellant's guilt, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Id.*

We compare the elements of the offense as defined by a hypothetically correct jury charge to the evidence adduced at trial. *Metcalf v. State*, 597 S.W.3d 847, 856 (Tex. Crim. App. 2020) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). In our review, we must evaluate all of the evidence in the record, both direct and

3

circumstantial and whether properly or improperly admitted. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

## ANALYSIS

The information filed against Appellant alleged that on or about December 16, 2022, he unlawfully appropriated from Wal-Mart "ELEVEN(11) Food or Beverage item(s), TWO(2) Clothing item(s)" valued at $100 or more but less than $750. Based on the charging instrument, the State was required to prove Appellant unlawfully appropriated property valued at more than $100 but less than $750 with intent to deprive the owner of that property. TEX. PENAL CODE ANN. § 31.03(a), (e)(2)(A). The value of stolen items is an essential element that defines the grade of the offense. *Lang v. State*, 664 S.W.3d 155, 174 (Tex. Crim. App. 2022).

Appellant's jury trial commenced on July 17, 2023. Earlier that year, Appellant had entered a plea of true to committing an offense—the theft for which he was on trial in the underlying case—at his revocation hearing for another offense. During trial, the State presented the asset protection investigator as its only witness. After her testimony concluded, the jury was excused, and the State informed the court it intended to introduce a portion of the transcript from the revocation hearing at which Appellant answered "true" when asked if he had committed the offense of theft on December 16, 2022. Defense counsel made several objections but after the trial court ordered certain redactions from the transcript, the exhibit was admitted.

4

During closing arguments of the theft trial, defense counsel argued the State had not met its burden to show the value of the property was at least $100 but less than $750. Despite the lack of evidence of value, the jury returned a guilty verdict.

Here, the State concedes it did not present any evidence of the value of the stolen items.[3]  Neither the fraudulent receipt nor any video surveillance of Appellant stealing the items was introduced into evidence.

The State presents irreconcilable arguments.  Relying on *Simpson v. State*, 591 S.W.3d 571, 572 (Tex. Crim. App. 2020), it asserts that although Appellant's plea of true is not dispositive of his guilt, it is "some evidence of guilt" and is tantamount to a judicial confession, but then requests the judgment of conviction be reformed to reflect a conviction for a Class C misdemeanor.

We first address Appellant's plea of true.  *Simpson* involved a defendant who had pleaded true at a revocation proceeding but then pleaded self-defense at her criminal trial.  At trial, when the defendant requested a self-defense instruction, the State argued the defendant was precluded from claiming self-defense based on her earlier plea of true. *Id.* at 573.  The Court of Criminal Appeals rejected the State's argument that a plea of true waived the defendant's right to have a jury determine the merits of her self-defense claim and held the State could not invoke collateral estoppel to prevent her claim of self-defense. *Id.* at 577–78.  The Court recognized the different burdens of proof at play in a revocation hearing versus a criminal trial and observed a plea of true is a concession that

---

[3] Value is defined as the fair market value at the time and place of the offense and if that cannot be ascertained, the value is determined by replacement cost within a reasonable time after theft.  TEX. PENAL CODE ANN. § 31.08(a).

the State has enough evidence to prove its allegation by a preponderance standard but distinguished that from the proof required to prove an offense beyond a reasonable doubt. *Id.* at 577.

Here, we reject the State's argument that Appellant's plea of true provided proof of the charged offense. The State's assertion that it was "some evidence" of guilt disregards the beyond-a-reasonable-doubt standard of proof required in a criminal trial and acknowledged by the Court in *Simpson*.

Next, we address and also reject the State's request for reformation of the judgment to reflect a conviction for a Class C misdemeanor. The Court of Criminal Appeals developed a test in *Thornton v. State*, 425 S.W.3d 289, 300 (Tex. Crim. App. 2014),[4] to determine whether a finding of insufficient evidence could lead to reformation to reflect a conviction for a lesser-included offense "to avoid the 'unjust' result of an outright acquittal." Reformation is required if the reviewing court can answer "yes" to two questions: (1) in the course of convicting the appellant of the greater offense, must the jury have necessarily found every element necessary to convict the appellant for the lesser-included offense; and (2) conducting an evidentiary sufficiency analysis as though the appellant had been convicted of the lesser-included offense at trial, is there sufficient evidence to support a conviction for that offense? A negative answer to either question results in an acquittal.

---

[4] *Thornton* articulated the test based on the Court's opinion in *Bowen v. State*, 374 S.W.3d 427, 431–32 (Tex. Crim. App. 2012).

6

We answer the first question "no" because of the requirement that the jury find "every element necessary" of the lesser-included offense. The State has conceded the element of value was not supported by any evidence. In *Cobbins v. State*, No. 06-18-00039-CR, 2018 Tex. App. LEXIS 5600, at *4 (Tex. App.—Texarkana 2018, no pet.) (mem. op., not designated for publication), the court accepted a jury's use of "common sense" to "apply common knowledge, observation, and experience gained in the ordinary affairs of life when giving effect to the inferences that may reasonably be drawn *from the evidence*" to supply the missing element of value in a theft case. (Emphasis added). The defendant had stolen meat from a market and was charged with theft. The State did not introduce any evidence of the value of the meat, but the court reasoned it is common knowledge that markets charge for merchandise, determined the jury was free to conclude the meat had value, and held the evidence was sufficient to support the conviction. We disagree with *Cobbins* for permitting a jury to supply a missing essential element of an offense by inference.[5] Inferences may be drawn only from the evidence presented and not from thin air.

[5] Chief Justice Quinn joins the majority and further notes the court in *Cobbins* misspoke in describing the State's burden as "merely require[ing] [it] to prove that the stolen meat had some value." *Cobbins*, 2018 Tex. App. LEXIS 5600, at *4. Given the wording of the statute, the State's burden consisted of proving the value of the stolen property was "less than $2500." Tex. Penal Code Ann. § 31.03(e)(4)(D). "Some value" and "less than $2500" are different concepts. Any value satisfies the former, only a value under a set threshold satisfies the latter. So, *Cobbins* is founded on an inaccurate premise, one inviting speculation. And, even if one could infer, without speculation, that a quantity of meat sufficient to hide under a "hoodie," as in *Cobbins*, had a value under $2500, the same is not necessarily true of the boys clothing stuffed in a backpack, a hoodie, jogging pants, housewares, and grocery items here. They are as likely to have value under or over the $100 threshold at play for a Class C misdemeanor. Asking the jury to select which one invites the jury to find an element of the offense based on mere speculation. That is not allowable.

7

The problematic issue in determining value for a Class C misdemeanor is the statutory requirement that the stolen property be valued at "less than $100."[6] It is common knowledge that Wal-Mart charges for its merchandise but to allow a jury to infer that stolen property has value, an essential element of theft, absolves the State of its burden of proof when prosecuting a Class C theft from a retail store.[7] To reiterate, a jury should not be permitted to use "common sense" to supply a missing essential element of an offense.

Although we need not reach the second inquiry under *Thornton* and *Bowen*, we would also answer that question "no." Without evidence of some value under $100, reformation of Appellant's conviction to that for a lesser-included offense is not the proper remedy. Reformation is appropriate under the circumstances presented by *Thornton* and *Bowen* and those circumstances are not present in the case before us. Ultimately, due process requires the State to prove the elements of an offense beyond a reasonable doubt and reformation should not be utilized to lessen that burden of proof in a criminal trial. In a sufficiency review, even under a hypothetically correct jury charge,[8] a conviction

---

[6] *See Winkley v. State*, 123 S.W.3d 707, 713–14 (Tex. App.—Austin 2003, no pet.) (reforming a conviction to a Class C misdemeanor (at that time property valued at less than $50). The court reasoned that even if the stolen item was worthless, it had a value of less than $50 and the statute's open-ended provision could include worthless items or even items with negative value as opposed to closed-ended provisions elsewhere in the theft statute. A sister court's opinion is not binding precedent, *Daniel v. State*, __ S.W.3d __, 2024 Tex. Crim. App. LEXIS 109, n.3 (Tex. Crim. App. 2024), except in certain cases transferred from another appellate court pursuant to Rule 41.3 of the Texas Rules of Appellate Procedure. More recent cases than *Winkley* from the Court of Criminal Appeals, such as *Bowen* and *Thornton*, direct when reformation is appropriate. We decline to reform Appellant's conviction to that of a lesser-included offense without any evidence of value.

[7] *See generally Lieber v. State*, 483 S.W.3d 175, 182 (Tex. App.—San Antonio 2015, pet. ref'd) (Martinez, J. dissenting) (noting in theft of stolen jewelry that allowing the State to prove value by simply asking the owner what she believes the value of the item is worth to her would easily satisfy the State's burden of proof).

[8] A hypothetically correct jury charge compares the elements of the offense to the *evidence adduced at trial. Malik*, 953 S.W.2d at 240. (Emphasis added). In the underlying case, there is no evidence of value.

for either a Class B or Class C misdemeanor fails, and the only logical result is an acquittal.

## CONCLUSION

The trial court's judgment is reversed and a judgment of acquittal is rendered.


Alex Yarbrough
Justice


Do not publish.